ROSE v. HOUSTON AND ANOTHER.

To maintain the character of separate property, it is not necessary that the property of either husband or wife should be preserved in specie, or in kind. It may undergo mutations and changes, and still remain separate property; and so long as it can be clearly and indisputably traced and identified, its distinctive character will remain.

*Quere?* How far the husband's right to "the sole management of the wife's separate property, during the marriage," extends, as respects third parties contracting with the husband; it does not extend to any transaction which the third party knows to be a fraud upon the wife.

Error from Walker. Houston brought suit against Wooton, on his promissory note for the payment to the plaintiff, of five hundred dollars. The plaintiff in error, intervening, filed

her petition, claiming the note sued on, and praying judgment upon it. Her petition alleged, in substance, that previous to the making of the note, she, being a married women, the wife of one Granville Rose, was the owner of a tract of land, her own separate property, derived by inheritance from her father : that, jointly with her husband, she sold and conveyed to the defendant Wooton, a part of the land; and that he executed to them his promissory note for the purchase money; that her then husband and the plaintiff, afterwards, without her knowledge or consent, and for the purpose of defrauding her of her rights, delivered said note to the defendant, and received of the defendant, in consideration and exchange therefor, the note now sued on, made payable to the plaintiff, for the sum remaining due upon the former note; that, therefore, the consideration of the note, sued on, was her separate property, and that this was well known to the plaintiff, at the time he obtained it ; that she had since obtained a divorce from her said husband, " who was, and is insolvent." To this petition there was a general demurrer, which the Court sustained. There was judgment for the plaintiff, on the note ; and the party intervening, and the defendant obtained, each, a writ of error. The former, only, prosecuted her writ of error; and assigned as error, the judgment of the Court dismissing her petition, and the final judgment rendered for the plaintiff.

*W. A. Leigh*, for plaintiff in error. Are the proceeds of sales of separate property, separate property ? I think they are. (*Vide*, 3 Term, R. p. 620, in notes; Tuck. Com. Vol. 1, p. 112, and other authorites there cited.) Property purchased with the money of one of the parties, is the separate property of the party with whose money it was purchased. (4 Tex. R. 187 ; and 7 Tex. R. 6.) And is not the money, the proceeds of sale of separate property, also separate property ? The authorities above referred to, sustain me in the position, that it is separate property.

*Yoakum & Branch*, for defendant in error. This is one of that class of cases, which show the necessity of enforcing a well known rule in Chancery Courts, in regard to intervention, *i. e.:* to require them to make oath that there is no collusion between them and either party to the suit.

There is no privity here between the intervenor and defendant in error. She had joined her husband in the sale of her land to Wooton, for eight hundred dollars. This was in a note to her husband. Afterwards Wooton, for a valuable consideration, executes to Sam Houston, his note for $500. Wooton withdraws defence and lets judgment go *nil dicet:* then carries on the suit through Mrs. Rose. There is no dispute as to the indebtedness of Wooton to Houston; yet no charge of fraud is made against Wooton. No steps are taken by Mrs. Rose against him; nor does she complain before this Court; but Wooton brings here his writ of error. It is obviously for vexation and delay. (Nothing of this sort appeared from the record. REP.)

WHEELER, J. The question to be determined, is, whether the note, given for the purchase money of the wife's separate property, was also the separate property of the wife. And this question, it is conceived, has been settled by the repeated decisions of this Court. It has been decided, not only, that property received in exchange for the separate property of one of the parties to the nuptial contract, remains separate property; but that property purchased with money, which was obtained upon the sale of the separate property of either husband or wife, also remains separate property. (Love v. Robinson, 7 Tex. R. 6 ; McIntyre v. Chappell, 4 Id.) The consequence is, that to maintain the character of separate property, it is not necessary that the property of either husband or wife should be preserved in specie, or in kind. It may undergo mutations and changes, and still remain separate property : and so long as it can be clearly and indisputably traced and identified, its distinctive character will remain.

If the averments of the petition of the intervenor, be true—as for the purpose of considering their legal sufficiency on demurrer, they are to be taken to be—the note, sued on, was the separate property of the party intervening; and this was known to the plaintiff when he obtained it. Such knowledge, brought home to the plaintiff, by proof, would enable her to assert her title as against him. It would, perhaps, be otherwise, if he was a *bona fide* purchaser or indorsee without notice of the wife's ownership. But here his knowledge of her rights is expressly charged and averred. The averments of the petition appear to us sufficient to enable the party intervening to maintain her action; and we are of opinion that the Court erred in sustaining the demurrer.

The judgment is therefore reversed and the cause remanded.

Reversed and remanded.