Opinion by
Will-son, J.
§ 469. Conversion of separate property; petition in action for, held sufficient; husband and wife cannot be mercantile partners; separate and community property; change of character of; case stated. M. J. Howell, joined bjr her husband, J. E. Howell, brought this suit against appellants to recover $1,000 damages for the alleged wrongful conversion by appellants of a lot of goods, alleged to be of the value of $400, and to be the separate property of M. J. Howell. Appellees recovered judgment for $245 principal and $37.90 interest and costs of suit. Appellants insist that the petition is insufficient. It alleges that M. J. Howell owned the goods, describing them, and stating their value, that they were her separate property, and in her possession, and that appellants wrongfully and forcibly seized the same, and converted them to their own use. These allegations disclose a good cause of action, and the general demurrer thereto was properly overruled. That the petition alleged that said *411 goods had been, and were being at the time of said seizure, exposed to daily sale in due course of trade, did not show that the ^ame were community property. Merely exposing property to sale does not change its character from separate to community. True it is, that husband and wife cannot sustain the relation to each other of partners in the mercantile business. [Wallace v. Finberg, 46 Tex. 35; W. & W. Con. Rep. § 65.] And it is also true that profits arising from separate property during the marriage are community.’ [W. & W. Con. Rep. §§ 362, 1071.] But we are not aware that it has ever been held that the mere investment of separate property in the mercantile or any other business destroys the separate character of the corpus of the property.
§ 470. Separate property of the wife; claim of wife must be supported by abundant proof j when; evidence held insufficient to support such claim. Eatto & Co. caused the property in controversy to be levied upon under an attachment, to satisfy a debt due them by J. E. Howell. The property levied upon was valued at $334. After the levy, a portion of said property, valued at $106, was claimed by and released to Crow & Wynn, appellees having transferred the same to them prior to the levy of the attachment, in payment of a debt due them by M. J. Howell. The remainder of the property was sold by order of the court to satisfy appellants’ debt against J. E. Howell, and brought the sum of $167.95. It was sold, however, subject to a landlord’s lien of $75 due by M. J. Howell for rent of store house, and out of the proceeds of sale this rent claim was paid by the officer, all parties to this suit consenting thereto. This left the sum of $92.95 to be credited, and which was credited upon the judgment, in favor of appellants against J. E. Howell. It appears from the evidence that, about two months prior to the levy of the attachment, M. J. Howell’s father and mother made her a gift of certain goods of the value of $195. She rented a house and placed therein these goods in charge of her husband, who pro *412 ceeded to sell the same in due course of trade, and continued the business until stopped by the levy of the attachment — nearly two months. During this time other goods were purchased to replenish the original stock, but it is not shown how much these purchases amounted to, nor with what funds they were made. From $3 to $8 worth of the goods were sold per day while the business continued, but at what profit, if any, is not shown. Nor does the evidence disclose what became of the proceeds of the sale made. It is claimed by appellees that the goods levied upon were the identical goods which were given to M. J. Howell by her parents. This claim is supported alone by the testimony of her father, who testified, by deposition, that they were the same goods, and that he knew the- fact because he had examined them, and identified them by his- price marks thereon, etc. But he does not. state when, where, or for what purpose, he examined them, and he was not present when they were taken under the attachment. All the other evidence most conclusively proves that he was mistaken; that the goods levied upon were not all contained in the original stock. Some portion of the original stock had undoubtedly been sold, and had been replaced by other goods. The original stock amounted in value to only $195, while the stock levied upon amounted in value to $334. But concede that the whole of the original stock was included in the stock levied upon, and how stands the case then? Out of the stock levied upon, M. J. Howell has received the sum of $181 in payment of debts for which her separate property was bound, that is, $106 to Crow & Winn, and $75 for rent. This left only $14 of the $195, the value of the original stock, unaccounted for to her. It is further shown by the evidence that during the time she had the goods she paid out $50 for furniture, but it is not clear what fund she used in making this purchase. It is reasonable to conclude from the evidence, however, that she received out of the original stock, or the proceeds thereof, during the time she had *413 it, more than the amount of $14. What more was she entitled to than the value of the original stock? She was not entitled to the profits on the business, or any portion thereof, for such profits, if any, were community property. To maintain the character of separate property it need not remain in specie, but may undergo changes, and so long as it can be clearly traced and identified in its mutations, it is still separate property. [Rose v. Houston, 11 Tex. 324; Chapman v. Allen, 15 Tex. 278; W. & W. Con. Rep. §§ 856, 1303.] But when the wife claims as her separate property that which is levied upon for the debt of her husband, her claim must be' supported by abundant proof; and -when the property has undergone mutations, the burden is upon her to trace and identify the separate character of ■ the property by clear and indisputable evidence. [Gilliard v. Chessney, 13 Tex. 337.] Even leaving out of view the fact that M. J. Howell has received the value of the original stock of goods, she has failed to clearly establish her claim to the goods levied upon, or any portion thereof. The judgment is against the evidence and the law.
November 29, 1884.
Reversed and remanded.