Nash 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00580-CV







Sean Nash and Sandra Nash, Individually and as Next Friends of Brendan Nash, a Minor,
and as Next Friends of Kathleen Nash, a Minor, Appellants


v.



Douglas Wayne Perry, Janise White and Raul Quintero, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. 93-10045-B, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING








 Individually and as next friends of their minor children, Sean and Sandra Nash appeal from
a summary judgment recovered by Janise White, Raul Quintero, and Douglas Wayne Perry ("defendants")
in the Nashes' action against them averring causes of action for negligence. We will affirm the judgment
in part and reverse the judgment in another part, remanding to the trial court the part reversed.



THE CONTROVERSY


 The Nashes alleged in their petition that the children were physically and sexually abused
at a day-care center between March 25 and August 28, 1991; that the defendants witnessed the abuse
during the period; and that the defendants' failure to report, prevent, or stop the abuse breached a common
law duty and a statutory duty, proximately causing injuries to the Nashes and the children. The statutory
duty to report the abuse was alleged to arise from the terms of section 34.01(a), now section 261.101(a),
of the Texas Family Code. The statute provides as follows:


(a) A person having cause to believe that a child's physical or mental health or welfare
has been or may be adversely affected by abuse or neglect by any person, shall
immediately make a report as provided by this subchapter. 


Tex. Fam. Code Ann. § 261.101(a) (West 1996). The subchapter defines the matters to be reported as
"the reporter's belief that a child has been or may be abused or neglected or has died of abuse or neglect." 
§ 261.102. The Code requires that the report be made to one of several official entities and makes the
reporter's identity confidential. §§ 261.191(d), 261.103(1)(4). One who makes a report in good faith is
immune from civil and criminal liability. § 261.106(a). A knowing failure to make the report, when
required by the statute, is a Class B misdemeanor. § 261.109. The subchapter does not provide for civil
liability for a failure to make the report and does not require that one prevent or stop the abuse.

 Each defendant interposed a general denial; defendant White pleaded in addition that a
recovery of exemplary damages would be unconstitutional for various reasons. No defendant pleaded an
excuse or other justification for failing to report, prevent, or stop the abuse.

 The defendants moved for summary judgment on the sole ground that the failure attributed
to them in the Nashes' petition could not, under Texas law, constitute the basis for a cause of action in
negligence. Consequently, the Nashes could not as a matter of law succeed on the theories pleaded. See
Delgado v. Burns, 656 S.W.2d 428, 429 (Tex. 1983). The trial court judgment is thus based on the
motion and pleadings alone, notwithstanding the judgment declares that the court also considered "the
evidence" as well as the record properly before the court. Travis v. City of Mesquite, 830 S.W.2d 94,
99-100 (Tex. 1992) (summary judgment cannot be affirmed on a ground not specifically presented in the
motion for summary judgment).



COMMON LAW NEGLIGENCE


 In point of error two, the Nashes complain that the summary judgment record did not
defeat as a matter of law their claim of negligence based upon breach of a common law duty to report,
prevent, or stop child abuse. The Nashes' petition, however, does not allege that the defendants controlled
the premises where the abuse allegedly occurred; nor does the petition allege that the defendants helped
create a dangerous situation. See Butcher v. Scott, 906 S.W.2d 14, 15-16 (Tex. 1995). We find in the
petition no allegation that would take the case out of the general rule that a bystander owes no legal duty,
under the common law, to warn of a danger or to assist in preventing injury to another. See Buchannan
v. Rose, 159 S.W.2d 109, 110 (Tex. 1942). We hold accordingly and affirm that part of the judgment
below that orders the Nashes take nothing by their claim of common law negligence.



NEGLIGENCE PER SE


 In point of error one, the Nashes complain the defendants were not entitled to judgment
as a matter of law regarding their claim of negligence based upon an alleged violation of section 261.101(a)
of the Texas Family Code. The violation of a statute, without excuse, is negligence in itself when a court
adopts the statute as defining the standard of conduct of a reasonable person and the plaintiff comes within
the class of persons protected by the statute. Southern Pac. Co. v. Castro, 493 S.W.2d 491, 497 (Tex.
1973). There can be no question that the negligence per se doctrine is a part of the jurisprudence of the
state and thus binding on all courts until abolished. It appears, however, that neither this court nor the
supreme court has specifically adopted section 261.101(a) and related sections as defining the standard
of a reasonable person. See Golden Spread Council, Inc. v. Akins, 926 S.W.2d 287, 293 (Tex. 1996). 
We must, therefore, determine as a judicial question whether a negligence action may be founded upon a
violation of the statutory duty. See El Chico Corp. v. Poole, 732 S.W.2d 306, 312 (Tex. 1987); Nixon
v. Mr. Property Management Co., 690 S.W.2d 546, 549 (Tex. 1985).

 Whether to adopt the statutory standard of conduct requires a consideration of competing
factors. Two justifications favor adoption: (1) a penal statute generally gives notice to the public that
certain conduct is unacceptable; and (2) enactment of the statute implies that the legislature found, after
resort to its superior investigative facilities, that compliance with the statute is practicable as well as
desirable. Against these, one must weigh several dangers: (1) the statute may impose liability without fault
because scienter is not required; (2) the statute may be so obscure that it is not really susceptible of notice;
and (3) the statute may impose ruinous liability based upon the violation of a relatively minor regulation. 
See Jack Ratliff, Negligence Per Se in Texas: An Analysis of Statutory Excuse and Related Doctrines
With Proposed Special Issues and Instruction, 41 Tex. L. Rev. 104, 106 (1962); see also 57 Am. Jur.
2d, Negligence, §§ 745, 747 (1989).

 There is no danger of liability without fault in the statutes under consideration here. Scienter
is implicit in the requirement that a person have "cause to believe" and in the requirement of a "knowing"
failure to report. See Tex. Fam. Code Ann. §§ 261.101(a), .109(a) (West 1996). We cannot regard the
statutory requirements as obscure or a minor regulation of conduct; to our disgrace, the abuse of children
has become notorious. Cf. MBank, El Paso, N.A. v. Sanchez 836 S.W.2d 151 (Tex. 1992) (provision
of the Texas Business and Commerce Code requiring non-judicial attempt to repossess property be
pursued without breach of the peace); Missouri Pac. R.R. v. American Statesman, 552 S.W.2d 99 (Tex.
1977) (statute prescribing minimum height for structures placed over railroad tracks); Mundy v. Pirie-Slaughter Motor Co., 206 S.W.2d 587 (Tex. 1948) (statute requiring state-issued license for operation
of motor vehicles on public ways); H. & T.C. R'y v. Wilson, 50 Tex. 142 (1883) (statute requiring train
operator to sound bell or whistle at specified distance from road crossing); Rains v. Heldenfels, 443
S.W.2d 280 (Tex. Civ. App.--Corpus Christi 1969, writ ref'd n.r.e.) (statute requiring driver of vehicle
involved in accident to render reasonable assistance to injured persons). We hold the statutes under
discussion define the conduct of a reasonable person. Thus, the trial court erred in ordering as a matter
of law that the Nashes take nothing by their claim that the defendants were negligent per se in failing to
make the report required by the statutes.

 We should add that our holding means only that the Nashes may proceed on their claim
of negligence per se. It remains their burden to persuade the fact finder concerning a violation of the
statutory duty and proximate cause; it is the defendants burden to plead, prove and persuade the fact finder
regarding a permissible excuse. See Southern Pac. Co., 493 S.W.2d at 497-98.

 For the reasons given, we reverse the judgment below insofar as it orders that the Nashes
take nothing by their claims of negligence per se and gross negligence under that theory. We remand that
part of the cause to the trial court. We affirm the trial court judgment insofar as it orders that the Nashes
take nothing by their claims of common law negligence.

 


 

 John Powers, Justice

Before Justices Powers, Jones and Hill*

Affirmed in Part; Reversed and Remanded in Part

Filed: April 17, 1997

Publish





















* Before John G. Hill, Chief Justice (former), Court of Appeals, Second District of Texas. Sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



t, therefore, determine as a judicial question whether a negligence action may be founded upon a
violation of the statutory duty. See El Chico Corp. v. Poole, 732 S.W.2d 306, 312 (Tex. 1987); Nixon
v. Mr. Property Management Co., 690 S.W.2d 546, 549 (Tex. 1985).

 Whether to adopt the statutory standard of conduct requires a consideration of competing
factors. Two justifications favor adoption: (1) a penal statute generally gives notice to the public that
certain conduct is unacceptable; and (2) enactment of the statute implies that the legislature found, after
resort to its superior investigative facilities, that compliance with the statute is practicable as well as
desirable. Against these, one must weigh several dangers: (1) the statute may impose liability without fault
because scienter is not required; (2) the statute may be so obscure that it is not really susceptible of notice;
and (3) the statute may impose ruinous liability based upon the violation of a relatively minor regulation. 
See Jack Ratliff, Negligence Per Se in Texas: An Analysis of Statutory Excuse and Related Doctrines
With Proposed Special Issues and Instruction, 41 Tex. L. Rev. 104, 106 (1962); see also 57 Am. Jur.
2d, Negligence, §§ 745, 747 (1989).

 There is no danger of liability without fault in the statutes under consideration here. Scienter
is implicit in the requirement that a person have "cause to believe" and in the requirement of a "knowing"
failure to report. See Tex. Fam. Code Ann. §§ 261.101(a), .109(a) (West 1996). We cannot regard the
statutory requirements as obscure or a minor regulation of conduct; to our disgrace, the abuse of children
has become notorious. Cf. MBank, El Paso, N.A. v. Sanchez 836 S.W.2d 151 (Tex. 1992) (provision
of the Texas Business and Commerce Code requiring non-judicial attempt to repossess property be
pursued without breach of the peace); Missouri Pac. R.R. v. American Statesman, 552 S.W.2d 99 (Tex.
1977) (statute prescribing minimum height for structures placed over railroad tracks); Mundy v. Pirie-Slaughter Motor Co., 206 S.W.2d 587 (Tex. 1948) (statute requiring state-issued license for operation
of motor vehicles on public ways); H. & T.C. R'y v. Wilson, 50 Tex. 142 (1883) (statute requiring train
operator to sound bell or whistle at specified distance from road crossing); Rains v. Heldenfels, 443
S.W.2d 280 (Tex. Civ. App.--Corpus Christi 1969, writ ref'd n.r.e.) (statute requiring driver of vehicle
involved in accident to render reasonable assistance to injured persons). We hold the statutes under
discussion define the conduct of a reasonable person. Thus, the trial court erred in ordering as a matter
of law that the Nashes take nothing by their claim that the defendants were negligent per se in failing to
make the report required by the statutes.