## MARGARET GIBSON, ADM'RX, v. JACOB FIFER.

That parol evidence is admissible to show, notwithstanding the acknowledgment of the receipt of the purchase money in a deed, that the money was not in fact paid, is well settled.

Where no money was paid, and a deed was made upon an executory contract on the part of the grantee to be performed in future, but which he did not perform, the motive and inducement to the making of the deed fail.

Where there is evidence of mental weakness in the grantor, and of undue influence over him on the part of the grantee, and that he was overreached in the transaction, the conveyance will be set aside and the property restored.

In so far as an action seeks the rescision of a sale upon the ground of non-performance of executory undertakings by the grantee, it is not within the operation of the Statute of Limitations, but must be governed by the analogies of the law applicable to like cases. The same time in general ought to be allowed for bringing an action to rescind, as for the specific performance of a contract.

Where a deed is made in consideration of an executory undertaking to be performed in future, limitation does not begin to run until after the breach of such uudertaking, on the part of the grantee in possession.

Gibson v. Fifer.

Where rescision of a sale is sought, and the wife, who had a community interest in the land when sold, died before suit was brought for this purpose, leaving heirs, such heirs are not necessary parties to such suit; and a judgment in such case in favor of the surviving father would not be conclusive of any rights of the children of the deceased wife as against him.

Appeal from Goliad. Tried below before Hon. James Webb.

This was a suit brought to set aside a deed made by appel" lee to appellant's intestate, upon the following allegations: Appellee alleged in his petition, that about the 1st of March, 1843, he executed a deed of conveyance to Gibson for one-half of his headright league of land; that the consideration named in said deed, of one thousand dollars, was nominal and never paid; that the inducement to make said conveyance was the promise, agreement and undertaking on the part of said Gibson to take charge of appellee's three children, to raise, educate and support them until they became of age; that the intestate Gibson entered upon and took possession of the land in 1847, and has held possession ever since; that Gibson took charge of the children and kept them four or five years, but wholly failed to perform his undertakings in respect to them, and that when he was requested to do so that he drove the children, still minors, from his house. Appellant, who was made a party as administratrix, after the death of Gibson, excepted to the petition. 1st. Because the administratrix of Gibson is alone made a party without showing that her intestate left no heirs. 2d. Because the children of the plaintiff are the real beneficiaries and necessary parties; which were overruled. Appellant then answered: 1st. Not guilty. 2d. Limitation of two years as to the allegation of fraud in procuring the deed. 3d. Limitation of two years as to the allegation of parol agreement. 4th. Limitation of three years under title and color of title.

The appellee, on the trial, offered witnesses to prove the

motive and inducement to the making of the conveyance, and that no money was ever paid, which was objected to by appellant, and the objection overruled ; their evidence proved very clearly that the transaction was substantially as set out in the petition, and the breach of the undertakings of the appellant.

The evidence on the part of appellant showed the patent and the assignment on it, and a deed for the undivided half of the league of land, the possession by Gibson from 1845 or 1846, and some rebuttals of the appellee's evidence in regard to the treatment of the children ; also that appellee's wife died before the contract, and that he occupied part of the premises by permission of Gibson.

The Court, among other charges not material to be stated, gave the two following : "If the jury find from the evidence, that the defendant's intestate went into and held possession of the land in controversy, under the executory contract set out in the plaintiff's amended petition, then the Statute of Limitations did not run in favor of the defendant against the plaintiff, and could not be invoked until the precedent condition of supporting, clothing and educating the children had been performed, unless they believe that the plaintiff prevented its performance by taking away his children. In that event the Staute would begin to run in support of defendant's possession from the time the contract was thus broken."

" If the jury find from the evidence, that the defendant's intestate did make such a contract or agreement with the plaintiff as is alleged in the petition, in respect to the support and education of the children, and that he failed to perform it, and voluntarily sent the children back to their father, then he was not entitled longer to hold the land against the plaintiff, under the agreement ; his right to it being dependent upon the performance of his part of the contract."

Appellant excepted to these charges.

There was a verdict for the defendant generally, and a judgment for the whole league of land

Appellant moved for a new trial, which was overruled.

*Pryor Lea,* for appellant.

*S. A. White,* for appellee.

WHEELER, J. That parol evidence is admissible to show notwithstanding the acknowledgment of the receipt of the purchase money in a deed, that the money was not, in fact, paid, is well settled. (Howard v. Davis, 6 Tex. R. 174.) It is clear from the evidence, that no money was paid ; and that the deed was made upon an executory contract on the part of the defendant, to be performed in future ; but which he did not perform. The motive and inducement to the making of the deed therefore failed. There is, moreover, evidence of mental imbecility or weakness, and undue influence. The defendant appears to have assumed a kind of guardianship and control of the plaintiff, on account of his mental incapacity to protect his own interest ; and to have taken his land from him, under the pretence of a contract to support, educate and provide for his children, but with the real purpose of preventing him from improvidently disposing of it to some one else. The nature of the contract itself shows the confidence reposed by the plaintiff in the defendant. It must have been very great to have induced the former to commit to the latter the entire control, maintenance and education of his children. It appears to have been misplaced ; for, however the truth may have been in respect to the treatment of the children otherwise, there is no attempt to show that during the five years they were with the defendant they were sent to school but three weeks. There was in this important particular, at least, a wide departure from the duty the defendant had undertaken to perform. Without dwelling to comment upon the evidence, it cannot, we think, be doubted that the combined elements of

mental weakness, undue influence, and overreaching, which it discloses, were quite sufficient to entitle the plaintiff to have the conveyance set aside and his property restored to him. (Story's Eq., Sec. 234, 235, 244.)

The defence mainly relied on was that of limitation. In so far as the action sought a rescision of the sale, it is not within the Statute, and must be governed by the analogies of the law, which have been applied in like cases. The same time ought in general to be allowed, it would seem, for bringing an action to rescind, as for the specific performance of contracts. (9 Tex. R. 129 ; 18 Id. 113 ; 15 Id. 394.) But the same influence which operated to induce the making of the deed appear to have continued for several years after the making of it. The plaintiff appears to have supposed that he was receiving, and to receive the promised consideration. Until he was undeceived, there can be no presumption of his acquiescence in a known assertion of right adverse to his interest. The plaintiff supposed the defendant was going on to perform his agreement in good faith until he declined the further charge of the children. That was a breach of contract, and the first act of a character to start the running the Statute, under the circumstances of the case. The bar of three years possession under title is relied on. But it does not appear satisfactorily, from the evidence, that three years elapsed from the time of the breach of the contract under which the defendant held possession, before the bringing of this suit. None of the witnesses date the defendant's going upon the land earlier than in 1845. They say it was in 1845 or 1846 ; (one witness says in 1846 or 1847 ;) and it is in proof that the children remained with him there about five years. One witness says he moved into the neighborhood in 1849, " or thereabouts," and the children were then living with their father. But this is too uncertain to fix that as the period of the breach of contract, when the other evidence in the case conduces to prove that it must have been later, and within less than three years

before the bringing of the suit. It devolved on the defendant to establish the truth of his plea. The Court instructed the jury, as asked by him, that three years adverse possession, under the title pleaded, would bar the action. It is evident, therefore, that they were not satisfied of the truth of the plea, and we cannot say that their finding was contrary to the evidence. It does not appear when the wife of the plaintiff died, or that she was entitled to a community interest in the land. The plaintiff was the party to the sale, and the party entitled to sue for its rescision, and the possession of the land. The judgment is not conclusive of any right the children may have as against him. We are of opinion that there is no error in the judgment, and it is affirmed.

Judgment affirmed.