## H. Taylor et al. v. Granville Merrill.

### (Case No. 1879.)

1. CONTRACT — EVIDENCE OF CONSIDERATION.— When no consideration is recited in a written contract, the rule at common law permits the consideration to be shown by extraneous proof; and such proof may be used to vary the consideration of which there is a recital. The rule is as well established as that other general rule, that parol evidence cannot be resorted to for the purpose of varying or contradicting a written contract.

2. SAME.— When the whole consideration is not expressed in a written contract, parol evidence is admissible to supply the deficiency, but it cannot establish a consideration inconsistent with that expressed in the written contract. The right to vary or add to the consideration of an instrument by parol is, as a general rule, confined to the parties to the contract.

3. SAME.— It is not necessary that allegations of fraud, accident or mistake should be made to account for the failure to express the full consideration; the right to show it by parol evidence, under the rules above announced, exists at common law. Hence, when in a suit on a promissory note, and to enforce a lien expressed in it, upon a tract of land for the purchase money for which it purported on its face to have been given, it was alleged in the answer that the vendor represented falsely to the maker of the note, who relied on his representations, that certain specific articles were on the land, and which formed part of the consideration, and that certain improvements existed on the land, which had in fact never been made, *held*, that the allegations were sufficient to let in proof of the real consideration as between the original parties to the transaction, or as against a nominal plaintiff suing on the notes, if the original vendee was the real beneficiary. Following Robertson *v.* Guerin, 50 Tex., 317.

4. VARIANCE.— A deed on its face purported to be executed by A. B. M. and his wife, S. A. M. The certificate of privy acknowledgment before the notary, annexed thereto, showed that it had been acknowledged by " A. M., wife of

A. B. M." In a suit to foreclose a lien reserved in the body of the deed to secure the payment of purchase money, the wife being described in the petition as S. A. M., *held*, that the deed was admissible in evidence, the apparent variance not being of a character to surprise or mislead the adverse party, the original of the deed being in the possession of the defendant. Following McClelland *v.* Smith, 3 Tex., 210.

Appeal from Gregg. Tried below before the Hon. Wm. Steadman, Special Judge.

*T. M. Campbell*, for appellants, cited: Swain *v.* Cato, 34 Tex., 395; Miller *v.* Brown, 23 Tex., 440; Wynn *v.* Flannegan, 25 Tex., 778.

*Jno. M. Duncan*, for appellee.

Willie, Chief Justice.— This is a suit by Merrill against the appellants on five promissory notes, and to enforce a lien reserved in these notes upon a tract of land, for the purchase money of which they purport to have been given. The appellants, among other things, pleaded that the notes did not express the entire consideration for which they were given; that they were not given for the tract of land mentioned in them, only, but also for a large quantity of personal property sold by the payees of the notes to the appellants. They set up representations made by the payees as to the quantity of this personal property; and as to the condition of the land, the title thereto, the number of acres open for cultivation, the state of the fencing, the size and description of the dwelling-house, and the number of servants' houses upon the place, etc. They state that these representations were the main inducement to the purchase, and that they were false and fraudulent in many important respects, which are particularly set forth in the answer. Among others, they allege that there was not so much personal property on the place, and delivered to the appellants, as had been bargained for; and the articles lacking and their value are specifically stated. They allege that the dwelling-house was much inferior to what it had been described to be, and there were less servant houses on the place, and the number of acres in cultivation was less, and the fences in a worse state of repair, than had been represented. These representations and their falsity are charged to have been well known to the appellee when the notes were assigned to him; and it is further alleged that he paid no consideration for them, and that he was but a nominal plaintiff, the notes still being the property of the payees.

The plea sets up the exact damage suffered by the appellants on account of the alleged false representations; and further alleges that $2,000 in money was paid by the appellants as part consideration for the property, and that this was more than sufficient to pay for the quantity received in the condition it then was. A cancellation of the notes and for costs, etc., was prayed for. The plaintiff below filed several exceptions to this answer, and among others the following: The notes are given for the purchase money of land, and the answer seeks to vary such consideration by setting up that a lot of personal property was also a part of the property conveyed.

It sets up a different contract from that sued upon and claims damage for a breach thereof.

These exceptions were sustained, and judgment having gone for the plaintiff, the action of the court upon the exceptions is made the subject of one of the assignments of error.

The ground upon which this ruling is sought to be sustained is this: The answer sets up a different consideration from that expressed in the deed, and then seeks to show a failure thereof, without any allegation that, because of fraud, accident or mistake, the true consideration was not expressed in the notes and deed.

What the answer did seek to do was to show that the note and deed did not express the entire consideration for which the notes were given. It is a well settled rule at common law, that where no consideration is recited in a written contract one may be shown by extraneous proof; and, moreover, that such proof may be used to vary the consideration of which there is a recital. 2 Wharton on Ev., § 1044, and authorities cited: Hitz *v.* Nat. Bank, 111 U. S., 725.

Whether this be an exception to the rule that parol evidence is not admissible to vary or contradict a written contract, or in consonance with it, the principle is as well established as the rule itself. It has met with various applications, and, among others, that when the whole consideration is not expressed, in such case parol evidence is admitted to supply the deficiency. 1 Greenl. on Ev., § 285; 2 Wharton, § 1044. The only qualification of this rule is that the consideration proved by extraneous evidence should not be inconsistent with that expressed in the deed. 1 Greenl. on Ev., § 285.

This right to vary or add to the consideration of an instrument is, as a general rule, confined to the parties to the contract. 2 Wharton on Ev., § 1044.

It follows as a matter of course, that a consideration thus established by parol evidence may be attacked, in like manner, as if it were included in the instrument itself. Wharton, *ut supra.*

This principle of allowing extraneous proof of a different or additional consideration is not founded upon any right, such as is enforced in courts of equity, to have an instrument reformed when, through fraud, accident or mistake, it does not state truly the contract of the parties. It is a common law rule, and enforced in courts having common law jurisdiction. In the present case, we think no allegation of fraud, accident or mistake was necessary to be made. The answer, too, sought only to establish a consideration in addition to the one recited in the written instruments evidencing the transaction; and then to show that this consideration had in part failed as well as that which appeared in the writings. This, we have seen, can be done between the parties to the contract; and the plea alleged that the plaintiff below was not only an assignee of the notes without consideration, and had full notice of the frauds committed in the sale of the land and other property, but that he was a mere nominal party to the suit, made such for the purpose of defeating these defenses of the appellants against the payees of the notes, the real plaintiffs in the cause. We think the plea was a good one as against the foregoing exceptions of the appellee, and that they should have been overruled. Robertson v. Guerin, 50 Tex., 317.

During the trial the plaintiff offered in evidence the deed for the land. It purported to be made by A. B. Merrill and S. A. Merrill, his wife. These are the payees of the notes. But the deed was signed by A. B. Merrill and A. Merrill, and the privy acknowledgment before the notary was by A. Merrill, wife of A. B. Merrill. The defendants objected to the deed because there was a variance in the name of one of the signatures thereto between the deed and the notes and allegations of the petition, the latter averring that the deed was made by S. A. Merrill. This objection was overruled and is made the subject of a bill of exceptions and an assignment of error. In this we think there was no error. The deed was sufficiently identified as the deed of A. B. Merrill and his wife, and, taken in connection with the acknowledgment before the notary, shows that the person described in the notes and body of the deed was the same person who signed the deed, with one different initial letter to her name. This court disregards such apparent variances when they have not misled or surprised the adverse party; and the defendants in this case could not possibly have been surprised or misled by the introduction of a copy of the deed under which they claimed title, and the original of which was in their possession. McClelland v. Smith, 3 Tex., 210; Wiebush v. Taylor, 5 Tex. L.

Rev., 287. But for the error of the court in sustaining the exceptions to the amended answer of defendants, the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 16, 1885.]