MRS. L. J. CUMMINGS v. TEMPE A. MOORE ET AL.

Decided December 18, 1901.

1.—Conveyance—Breach of Contract—Recovery Back of Land—Consideration.

Where a grantor conveyed land in consideration of a contemplated marriage between himself and the grantee and her agreement to have a house erected on the land, to be used by them as a home, and the grantee failed to have the house erected, and the grantor died before the consummation of the marriage, his heirs were entitled to recover back the land.

2.—Evidence—Deposition—Parties to Suit.

Where the heirs of the original plaintiff became parties to the suit after his death, it was not error for the court to refuse to exclude the deposition of the original plaintiff on the ground that the heirs were not parties at the time the deposition was taken.

3.—Contract—Parol Evidence—Pleading.

Where an instrument upon its face fails to show the entire agreement, it is not necessary to allege fraud, accident, or mistake in order to permit evidence as to the real contract and consideration.

4.—Same—Consideration.

Where the consideration expressed in a deed was "$5 and other considerations," parol evidence was admissible to show what were the other considerations.

· Appeal from Dallas.   Tried below before Hon. Thos. F. Nash.

E. B. Muse and R. C. Porter, for appellant.

Chas. Fred Tucker, for appellees.

RAINEY, Chief Justice.—This suit was instituted by M. T. Tippin against Mrs. L. J. Cummings, the appellant, to recover a tract of land that he had theretofore deeded to her.  After the institution of the suit, M. T. Tippin died, and the appellees, his children and heirs, made themselves parties and prosecuted the suit.  Judgment was rendered in favor of the appellees, from which this appeal is prosecuted.

· The plaintiffs' petition substantially alleged that there was an agreement between him and Mrs. L. J. Cummings to intermarry; that in July, 1900, plaintiff stated to the defendant that he owned the land in controversy, and that he wished to provide for a home on some of said land for himself and defendant to be used by them as such after their contemplated marriage, but that he had not the means or credit whereby he could build such home.  Defendant then suggested to plaintiff that she had a son living in Dallas who was receiving a good salary, and that if plaintiff would convey said land to her, she would induce her son to raise the money to build a dwelling house as a home for plaintiff and defendant upon some portion of said land.  Thereupon, relying upon such undertaking so made by defendant, he conveyed the said land to her for the sole purpose of enabling defendant to so induce her said son to secure the building of said dwelling house upon said land to be used as a home for plaintiff and defendant after their contemplated marriage.  There was no consideration paid by defendant or received by plaintiff for the conveyances or either of them, and that the legal title to said lands was, by the conveyances, vested in defendant in trust for the purposes aforesaid.  That defendant has failed to induce her son to have said dwelling house built on any of said lands, and that her son has failed and refused to do so.  That after defendant's son had refused to secure said house to be built, plaintiff requested defendant to reconvey said land to him, which she refused to do.

The foregoing allegations were substantially proved on the trial, and we find from the facts that the deed was made in contemplation of marriage and to secure the erection of the house thereon to be occupied as a home by the said Tippin and the said L. J. Cummings after their marriage.

The contract of marriage was never consummated, and we are of the opinion, under the evidence, that had M. T. Tippin lived he could have recovered the land.  The appellees herein being his legal heirs, inherited his right and are entitled to recover.

The appellant complains of the ruling of the court in admitting the depositions of M. T. Tippin, taken during his lifetime, on the ground that appellees were not parties to the suit when said depositions were

taken. The court did not err in overruling the objection. The appellees occupied the same relation to the suit that said Tippin did before his death.

There are various assignments attacking the judgment on the ground that it is not supported by the evidence. None of these are well taken, and the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

It is insisted by appellant that as this court found as a fact that the deeds from Tippin to Mrs. Cummings were made in consideration, among other things, in contemplation of their marriage, the court should hold the deed to be binding, as such is a sufficient consideration. Tippin died without the marriage being consummated, though the evidence fails to show that the engagement had been broken off before his death, unless the fact that he brought suit to cancel the deeds can be considered as such. What force an agreement made in contemplation of marriage will have when the marriage was not consummated, we will not attempt to decide. All the authorities that have been cited and to which we have had access treat of questions arising upon antenuptial agreements after the consummation of the marriage. Our disposition of the case was not based upon the fact that the contemplated marriage was never consummated, but upon the fact that one of the undertakings of Mrs. Cummings, which formed a part of the consideration, was never complied with. In addition to her promise to marry, she was to secure the erection of a house on the land to be occupied as a home by them after their marriage. This seems to us an important consideration to Tippin, as it made provision for him for a home which he was unable himself to otherwise provide. It was not error to admit parol testimony to show what the contract was between the parties. The deeds did not show the undertaking upon the part of Mrs. Cummings. The consideration expressed in the grant was "$5 cash and other considerations." Of what "other considerations" consisted does not appear, nor is there any provision as to what the obligation of Mrs. Cummings was. It is well settled in this State that where an instrument fails upon its face to show the whole contract between the parties, parol evidence is admissible to prove what the real contract was. Gibson v. Fifer, 21 Texas, 260; Taylor v. Merrill, 64 Texas, 494; Johnson v. Elmen, 24 Texas Civ. App., 43; Womack v. Wamble, 7 Texas Civ. App., 273. Where the instrument upon its face fails to show the entire agreement, it is not necessary to allege fraud, accident, or mistake in order to permit parol evidence as to the real contract. It is only necessary to allege fraud, accident, or mistake where the instrument upon its face shows the entire contract in order to allow parol evidence to vary or contradict the terms of the contract as expressed in the instrument. Taylor v. Merrill, 64 Texas, 494. The evidence shows that Mrs. Cummings breached her

contract in part at least, and, in our opinion, under the evidence it would be inequitable for her to hold the land.

The motion for rehearing is overruled.

*Overruled.*

### ADDITIONAL CONCLUSIONS OF FACT.

Acting on the motion of appellant for additional conclusions of fact, we find:

1. That M. T. Tippin solicited Mrs. Cummings to procure a divorce from her husband that she might marry Tippin, to which she was not averse.

2. The evidence is sufficient to support the verdict of the jury to the effect that said conveyance was not made by Tippin in contemplation of insolvency, and we so find.

3. The evidence fails to show that the engagement of Mrs. Cummings and Tippin to intermarry was ever broken off till his death.

4. Tippin executed the conveyance in consideration of the promise of Mrs. Cummings to marry him and to procure the building of a house on the land for them to live in after marriage. While the evidence fails to show that any specific time was agreed upon for the erection of the house, we think it a fair deduction from the evidence that it was to be erected within a reasonable time that it might be used by them upon their marriage.

We do not deem it necessary to make further findings on the matters embraced in the motion.

Writ of error refused.