Henry House v. E. A. Holland et al.

Decided April 7, 1906.

**1.—Briefs—Noncompliance With Rules.**

An assignment of error which is not a proposition in itself and is not followed by a proposition or a statement of material facts will not be considered.

**2.—Written Contract—Consideration—Parol Evidence to Vary.**

The court erred in refusing to allow the plaintiff to prove by parol testimony that the recital in the written contract sued on that a certain sum of money was paid in cash, was not true, and that in fact only one-half of said sum had been paid.

Appeal from the County Court of Harris County. Tried below before Hon. Blake Dupree.

*A. R. & W. P. Hamblen,* for appellant.—As to consideration in contracts, parol proof is admissible to show the truth of its recitals and what was the real consideration. Taylor v. Merrill, 64 Texas, 496;

Walter v. Dearing, 65 S. W. Rep., 380; 1 Greenleaf on Evidence, 16th ed., 434; Howard v. Davis, 6 Texas, 185; Gibson v. Fifer, 21 Texas, 263; Castro v. Illies, 13 Texas, 232.

*Coleman & Abbott,* for appellees.—When an action is brought on a written contract reciting that a certain sum of money has already been paid in cash, there being no obligation or promise in said contract to pay said amount, evidence is not admissible upon the trial to show that the defendants agreed, outside of the terms of the contract, to pay the amount; and furthermore, to show that the amount as recited in the contract, was not paid as recited, unless there be ample allegations of fraud or mistake.

PLEASANTS, Associate Justice.—This suit was brought by appellant against appellees to recover the sum of $333.95 alleged to be due upon a contract entered into between appellees, E. A. Holland and Ida V. Holland, and the firm W. H. Brunson & Sons for the construction of improvements upon property owned by said appellees in the city of Houston.

The petition alleges the execution of the contract and its performance by Brunson & Sons and the transfer and assignment of the interest of Brunson & Sons therein to appellant. It is then alleged that of the sum of $667.85, which said contract recites was paid in cash to Brunson & Sons, only one-half was in fact paid, and defendants agreed and promised to pay the remaining one-half thereof, to wit, the sum of $333.95, for which amount they thereby became liable and promised to pay to plaintiff. A. C. Allen was made a party defendant under allegations charging that he was liable as a surety of the other defendants for the payment of the amount claimed by plaintiff.

Defendants answered by general demurrer and general denial, and that if a contract, as alleged, was entered into, same was not carried out or performed by said Brunson & Sons, and by reason thereof, defendants never at any time owed the sum sued for. That said work was never completed, and defendants, Holland and wife, were compelled to complete said improvements and to expend a large sum of money in excess of said contract price, and instead of being indebted to plaintiff, plaintiff was indebted to defendants by reason thereof. That defendants have long since paid all sums of money due said Brunson & Sons. The defendant Ida V. Holland also pleaded coverture.

The trial resulted in a verdict in favor of defendants which was returned under peremptory instruction of the court, and judgment was rendered accordingly.

The first and second assignments of error will not be considered because they are not presented as required by the rules. The first assignment is not a proposition and can not be so considered and it is not followed by a proposition nor by a sufficient statement showing the materiality of the rejected evidence. The second assignment is not supported by any statement from the record. The questions sought to be presented by these assignments are raised under succeeding assignments which are properly presented and are hereinafter considered.

The third assignment predicates error upon the ruling of the court

in refusing to allow the plaintiff to prove by the witness Brunson that the recital in the contract sued on that the sum of $667.85 was paid in cash was not true, and that in fact only one-half of said sum had been paid.

This assignment must be sustained. The recital in the contract, that the $667.85 which was a part of the consideration agreed to be paid Brunson & Sons for the performance by them of their contract undertaking had been paid in cash, stands upon no higher plane and was in effect no more than a written receipt by Brunson & Sons for that amount, and it is well settled that a receipt for money may be explained, impeached or contradicted by parol evidence. (Lanier v. Foust, 81 Texas, 186; Watson v. Miller Bros., 82 Texas, 279; Taylor v. Merrill, 64 Texas, 494.)

The recitals in the contract were sufficient evidence of the promise of appellees to pay the $667.85, but it was competent for appellant to prove in addition to these recitals the verbal promise of appellees to pay the balance of said sum made after the execution of the contract, and the assignments of error which complain of the refusal of the trial court to admit such proof are also well taken.

None of the remaining assignments present any error.

Because of the error in sustaining appellees' objections to the evidence pointed out in these assignments the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*