MIDGLEY & CURTSINGER v. TAYLOR.
(No. 5354.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 25, 1914. Rehearing Denied Dec. 16, 1914.)

1. EVIDENCE (§ 419*) — PAROL EVIDENCE — CONSTRUCTION OF CONTRACT.

A written contract for the sale of goods at the invoice price is not varied by evidence that the invoice price on one article was less than that represented by the seller and paid by the buyer, since a written contract is not varied by proof that the consideration was other than that stated in the contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1912–1928; Dec. Dig. § 419.*]

2. SALES (§ 398*) — REMEDIES OF BUYER — FRAUD—CASUAL DAMAGES.

Where the seller of goods at the invoice price represented that the price of a certain article was $2,000, which was paid by the buyer, whereas in fact the price was $1,500, the measure of damages is the difference between the invoice price and that represented and collected.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1137–1139; Dec. Dig. § 398.*]

3. SALES (§ 75*)—CONSTRUCTION OF CONTRACTS —INVOICE PRICE.

Where a firm sold certain articles at the first invoice price, a buyer was required to pay only such price thereof, even though the seller may have paid more than that price for the article.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 204; Dec. Dig. § 75.*]

Appeal from Zavala County Court; O. A. Stubbs, Judge.

Action by E. B. Taylor against Midgley & Curtsinger. Judgment for the plaintiff, and defendants appeal. Affirmed.

W. D. Love, of Uvalde, for appellants. M. L. Harkley, G. B. Fenley, and Ivy H. Burney, all of Uvalde, for appellee.

FLY, C. J. This is a suit for damages in the sum of $500, instituted by appellee against appellants; the allegations being in substance that appellants sold to appellee certain property at invoice prices, among the rest a soda fountain which they represented cost at the factory $2,000, and they were paid that sum for the fountain, when in truth and fact the invoice price was $1,500. All of this was denied by appellants, but the court on hearing the evidence rendered judgment in favor of appellee for $500.

The evidence sustains the conclusion that appellants agreed to take the first invoice price for the soda fountain, which they represented was $2,000. Upon the faith and credit of that representation, appellee paid appellants $2,000 for the fountain, but afterwards discovered that the invoice price for the fountain was only $1,500.

[1] The petition was not open to attack by a general demurrer. There was no allegation in the petition indicating that in order to sustain the suit evidence would necessarily be introduced to vary the terms of the written contract. The allegations show that more was obtained for the property than the contract price agreed upon, by means of the representations of appellants. A written contract is not varied by proof that the real consideration was different from that set forth in such contract. This is an old common-law rule, and it is a rule not based on allegation and proof of fraud, accident, or mistake. In the case of Taylor v. Merrill, 64 Tex. 494, the defendants when sued upon promissory notes, given for certain land, al-

leged that $2,000 in money was paid as part consideration for the property; that the money was paid on account of representations made by the plaintiffs that certain personal property went with the land which were untrue. The Supreme Court held that the answer did not seek to vary the contract. That case has often been cited with approval.

[2] Under the facts alleged and proved in this case, there could be but one measure of damages that could apply. Appellants agreed to accept in payment for the soda fountain the amount of its first invoice cost, and represented at the same time to appellee that the fountain cost $2,000. Appellee, after he had paid the money, discovered that the real cost was $1,500. Reason and common sense plainly indicate that he was damaged in the sum of $500, and the difference between the value of the fountain and price paid for it could have no more applicability than to try to ascertain a certain quantity of water by linear measure. The amount of damages was clearly stated and proved. It is not a question of what the real value of the fountain may have been, but what appellee agreed to pay for it. He agreed to pay the factory invoice price, and that price was $500 less than appellants had collected. He wanted his money back, and the court, in justice and good conscience, gave it to him.

[3] It is true, as stated in appellants' brief, that Midgley swore that the firm bought the fountain from Curtsinger at $2,000, but that cannot control this case, because under the contract appellee was to pay only the first invoice price for the fountain. The uncontroverted evidence shows that the first invoice price was $1,500, and that was the price appellants agreed to take for the fountain, regardless of what they may have paid some other party. The fact that Curtsinger may have sold a secondhand soda fountain to the partnership for $500 more than he gave for it when new does not authorize appellants to breach their contract. Curtsinger was not called as a witness but remained discreetly silent.

There is no merit in the assignments of error, and the judgment is affirmed.