**WHITE v. RUTHERFORD et al.**   (No. 3581.)

Court of Civil Appeals of Texas. Texarkana.
Nov. 1, 1928.

Rehearing Denied Nov. 22, 1928.

J. A. Ward, of Mt. Pleasant, for plaintiff in error.

R. T. Wilkinson, Jr., of Mt. Vernon, and Williams & Williams, of Mt. Pleasant, for defendants in error.

LEVY, J. (after stating the facts as above). The points made on appeal are, in effect, that the cancellation of the deed to the 100

acres of land was not justified, because, namely:

(1) The services rendered by B. B. White as agent constituted a sufficient consideration to sustain the deed, as the evidence established that he was not himself a party to any fraud or illegality affecting the vendor's lien note.

(2) There was proven to be no fraud committed nor fraudulent representation made by B. B. White affecting the vendor's lien note; and the conveyance of land by a warranty deed cannot be rescinded and canceled upon the ground alone of the mere failure, although complete, of consideration.

It is thought that the first point stated above cannot prevail because an essential factual element is lacking, that the consideration for the conveyance of the 100 acres of land was, in part or in whole, the compensation to Mr. White for services performed as agent. The facts appear otherwise as to the consideration for the conveyance. The jury found that Mr. White did not act in the capacity of agent for any of the parties, and the trial court found that the sole consideration for the deed was the interest of Mr. White in the purported vendor's lien note in evidence. There is evidence to support these findings of fact.

The facts upon which the second point above stated is founded are without dispute. The maker of both the deed to the land in El Paso county and the purported vendor's lien note was a fictitious person; there was no such grant of land in existence; there was no vendor's lien upon any land. Therefore legality of any lien on land is wanting; and a swindle and cheat in that respect is evident, constituting fraud. Separating the lien, as nonexisting, and the note, the latter, as such, merely was proven entirely worthless as an obligation of the payee. He was and is wholly insolvent. The other indorser, Wright, was wholly insolvent. Consequently, under the facts, an entirely worthless note, and having inception in fraud, was acquired by Lindsay, Rhone & Hair and B. B. White, although they became bona fide holders in due course of trade from Mr. Wright. They gave the note to J. L. Rutherford, indorsing it "without recourse," in exchange for lands and did not make any misrepresentations or false assertions affecting the note. It is apparent that all the parties to the conveyance were dealing with the note solely as a note secured by a vendor's lien on land, believing it to be true, as the note purported to be, that it was a valid vendor's lien note against land in El Paso county. That was the essence of the agreement to exchange the note for the land. It is thought the circumstances sufficiently afford ground of relief as between the immediate parties, in the remedy of rescission and cancellation of the deed. It is believed that it is inequitable for Mr. White to hold the land. The agreement of Mr. White to give a valid vendor's lien note against land of La Prieta grant was and is impossible of performance. The supposed vendor's lien did not exist at the time of the agreement to exchange the note for the land. In an executed contract, the want or failure of the consideration is ground for rescission, in case such want or failure existed at the time of the agreement. 1 Black on Rescission and Cancellation, § 160. The situation is not less inequitable than gross inadequacy of price. 2 Pomeroy, Eq. (3d Ed.) §§ 926, 927.

J. L. Rutherford was given an entirely worthless note, having inception in fraud, for the land. Mr. Rutherford got nothing whatever of value in exchange for his land, and as to him it operates as constructive or legal fraud. Rutherford v. White (Tex. Civ. App.) 174 S. W. 930; Cummings v. Moore, 27 Tex. Civ. App. 555, 65 S. W. 1113; Rouse v. Bolen, 17 Ariz. 14, 147 P. 736. There is distinguishment between the character of consideration in the present case and that of the cases cited, like the following: Mayer v. Swift, 73 Tex. 367, 11 S. W. 378; Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39.

We have considered the other assignments, and think there was no error, and they are each overruled.

The judgment is affirmed.