## ANDERSON et al. v. GOINS.
### No. 2510.

Court of Civil Appeals of Texas. Eastland.

April 27, 1945.

Gib Callaway, of Brownwood, for appellants.

Wilkinson, Johnson, Griffin & Bohannon, of Brownwood, for appellee.

LESLIE, Chief Justice.

James B. Goins instituted this suit against Miss Dollie Anderson, a minor, her mother, Mrs. Willie Anderson, and the stepfather, Ed Anderson, to set aside a deed from plaintiff to said Dollie Anderson conveying to her a lot in Brownwood, Texas, and to remove the record of said deed as a cloud from plaintiff's title. Cancellation was sought upon three grounds, namely, (1) failure of consideration, (2) fraud of appellants in procuring execution of said deed, and (3) non-delivery of the deed to grantee.

Appellants defended: (1) By motion to dismiss or abate the suit on the ground that as between Goins and Mrs. Willie Anderson, the mother, the consideration for the deed was immoral and against public policy, since designed to induce the mother to barter the daughter to plaintiff; (2) that the deed evidences a voluntary gift by the plaintiff Goins to said Dollie Anderson, who should be quieted in ownership of said property.

The trial was before the court without a jury, and at the conclusion thereof, the court rendered judgment against appellants (Andersons) and in favor of appellee Goins, cancelling and setting aside said deed and removing the record thereof as a cloud on appellee's title. No findings of fact and conclusions of law were requested and none were filed.

The appellee Goins has been at all times and is now in exclusive possession of the premises described in the deed, occupying the same as the home of himself and two minor children.

Appellee Goins alleged that he was induced to execute to Dollie Anderson the deed in question upon her engagement and promise to marry him. That the deed was placed in the hands of Willie Anderson, the mother, for delivery to Dollie after the marriage ceremony with the understanding and promise that if the marriage was never consummated the deed would be returned to him. That the deed was so placed Sat-

urday, June 24, 1944, to be delivered to Dollie after the marriage, which was to take place Monday evening, June 26, 1944, after appellee Goins got off from work. That, in violation of said promise and agreement, the mother, Willie Anderson, either recorded said deed Monday morning, June 26th, or delivered it to Dollie Anderson for that purpose and she recorded it. That said acts were done and said promises made without any intention at the time on the part of the mother and daughter, or either of them, that Dollie Anderson would consummate said marriage with appellee, or that said deed would be returned on her failure to marry him. That the deed was recorded at the instance of Dollie Anderson, accompanied by her mother.

The appellants (Andersons) denied any marriage agreement with plaintiff and alleged and testified that Dollie Anderson, prior to the making of the deed, told appellee Goins "that she could not marry him," and that the mother likewise told him "that she would not agree to any such proposition," and told him "to let the defendant alone." They further plead and testified that, notwithstanding the aforesaid statements and protests by them, the appellee insisted upon and did give a deed to Dollie of said property, which was the homestead of himself and two children. At the time of the transaction Dollie was the fourteen year old daughter of her mother, whose consent was deemed necessary under the law for the consummation of the marriage, and according to the plaintiff's testimony the mother sanctioned the marriage.

The trial court has found against appellants' contention that Goins made a voluntary gift of the property to Dollie Anderson and the judgment amounts to an implied finding in favor of appellee Goins on the issue of (1) failure of consideration, (2) fraud at the time in inducing the execution of the deed, and (3) failure of lawful delivery of the same.

No exceptions or objections were made to the court's judgment in the above respects, and apparently the appeal does not attack any such conclusions.

Strictly speaking, appellants predicate the appeal upon the point that "the only consideration passing to the plaintiff, Goins, for the execution and delivery of the deed from James B. Goins to said Dollie Anderson, herein sought to be cancelled, was that the mother of said Dollie Anderson, who was a child fourteen years of age, would procure a marriage license and cause her said minor daughter to marry the said James B. Goins, such contract and agreement was clearly in the nature of a barter and sale of said child, was against good morals and in violation of public policy, and the court should have refused to take any cognizance of such transaction and leave the parties where it found them."

According to appellee's theory of the case, which stands approved by the judgment, he furnished Mrs. Anderson and Dollie, or one of them, with the knowledge and consent of the other, about $12, $2 of which were for purchasing the marriage license and the remainder to be spent for clothing for the daughter in contemplation of the marriage. Further, the whole arrangement and the consummation of the marriage seems to have involved a collateral understanding, which contemplated that Mrs. Anderson would appear before the county clerk and thereby in person signify her consent to the marriage and the procuring of the license. The fact that Goins was employed by the City of Brownwood and engaged in performance of his work during the hours the clerk's office was open for official business is given by him as the reason or explanation for the above arrangement, to which he testified Mrs. Anderson agreed. She vigorously denies any such understanding, but admits she discussed a possible marriage of her daughter and Goins (Bates, as she and the daughter called him), and also admits she accompanied the daughter to the clerk's office when the deed was recorded and paid for out of the above funds furnished by Goins. According to the mother's testimony, Dollie spent the balance of the money for "house shoes," "house skirt," etc. It is unnecessary to discuss the details of the testimony, but viewing it from the standpoint of the appellee, it reasonably supports his contentions.

As to the main agreement between Goins and Dollie Anderson, the authorities hold there is no higher consideration known to law for a contract of conveyance than a promise of marriage. In 10 T.J. p. 139, Art. 80, it is said: "Marriage is a sufficient consideration to support a contract or promise." To the same effect is 14 T.J. p. 805, Art. 47: "Marriage is always a good consideration for the execution of a deed, and so, naturally, is love and affection when the question of sufficiency is raised between the parties to the deed."

The highest courts in and out of Texas have held that a promise of marriage is the highest type of consideration for the conveyance of property. Some of the authorities are: Cummings v. Moore et al., 27 Tex. Civ.App. 555, 65 S.W. 1113 (writ ref.); Hanes v. Hanes, Tex.Com.App., 234 S.W. 1078; Miles v. Monroe, 96 Ark. 531, 132 S. W. 643; Prewit v. Wilson, 103 U.S. 22, 26 L.Ed. 360; Campbell v. Mary Jefferson et al., 63 A.L.R. 1183 (Annotation 1184).

Obviously the trial court held that appellee Goins made and executed said deed and placed it with the mother, Willie Anderson, to be delivered to Dollie Anderson after the marriage and in consideration of Dollie's engagement and agreement to marry him under the circumstances. Such conclusion by the trial court necessarily embraces the finding that, insofar as appellee is concerned, the transaction was entered into by him in good faith and upon the highest consideration. Since Dollie Anderson failed and refused to carry out the understanding or contract, it necessarily follows that the trial court held that as to Goins there was a total failure of consideration for the said deed. Further, we find that the testimony abundantly supports appellee's contentions predicated (1) on the failure of consideration, (2) fraud in procuring the execution of the deed, and (3) non-legal delivery thereof. The allegations in each respect sufficiently raise such issues and support the judgment of the court relative thereto.

If appellant's point is to be regarded as one challenging appellee's cause of action and the transaction reflected by the testimony as a "marriage brokage or brokerage contract," and, therefore, void, then for reasons following the same must be overruled. It is true, as stated in the annotation under Braum v. Potter Title & Trust Co., 72 A.L.R. 1109 (1113), "such contracts were at an early date placed under the ban of the law on considerations of public policy. This ban has never been lifted and today there appears to be no dissent from the view that an agreement by which *one is to benefit* from consent to or promotion of marriage between third persons is void. No distinction was made on principle between an agreement for the promotion between third persons * * *." It is further stated in said annotation:

"It is a rule, apparently without exception either in the United States or England, that an *agreement by which a parent or guardian is to benefit* from consent to the marriage of a minor child is a marriage brokage contract and void as against public policy. The reason for the rule is that such agreements divert attention from consideration affecting the welfare of the minor to the selfish interest of the parent or guardian." (Italics ours.)

If the appellant's said contention be valid and sustained, the legal consequences thereof would be reflected by the opinion in Edwards County v. Jennings, 89 Tex. 618, 35 S.W. 1053, 1054, wherein it was held:

"The rule is well settled * * * that a promise made upon several considerations, one of which is unlawful, no matter whether the illegality be at common law or by statute, is void."

We have read the entire statement of facts and are of the opinion that there is no similarity in the instant case and in Braum v. Potter Title & Trust Co., supra, and the authorities cited under the excerpt from said annotation or other authorities relied on by appellants. In this case *the mother, Willie Anderson, obtained no benefit whatever and no promise of reward from appellee Goins for giving her consent to the marriage of her daughter, Dollie.* The consideration in the deed sought to be cancelled moved entirely to Dollie under the deed and to appellee Goins under Dollie's promise to marry him. Upon that basis it is clear and uncontroverted in the testimony that there is nothing in the case contrary to public policy or in violation thereof which would bring it within the condemnation of the rule of law pertaining to "marriage brokage or brokerage contracts."

The appellee never yielded possession of said premises and has sought relief on a state of facts reasonably susceptible of a valid or lawful construction. The trial court has adopted that view and this court approves the same.

For the reasons assigned the judgment of the trial court is affirmed.