## DUTCH MILL GARDENS v. J. J. GRULLE-MANS & SONS, N. V. OF LISSE, HOLLAND.

### No. 12263.

Court of Civil Appeals of Texas.
Galveston.

Feb. 15, 1951.

Rehearing Denied March 15, 1951.

---

Allen, Smith, Neal & Lehmann and Ira J. Allen, all of Houston, for appellant.

Ross, Banks & May and Geo. B. Banks, all of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment for $1683.23, of the 113th District Court of Harris County, Texas, entered upon a jury's verdict for that sum, which the court at the close of all the evidence had instructed the jury to return, in favor of the appellee, against the appellant, as the agreed purchase-price of certain flower-bulbs, shipped f. o. b. by the former from Lisse, Holland, to the latter at Houston, Texas, upon written orders between them.

There had been between the parties two orders for bulbs; the first one, covering hyacinths, tulips, and narcissuses; the second, an assortment of amaryllis bulbs; only the first order was involved in this controversy, and a photostatic copy of it was brought up as a part of the record in this appeal.

In response to the appellee's suit for such claimed and agreed purchase-price for the hyacinth, tulip, and narcissus bulbs, asserted by the appellee to have been delivered to and accepted by the appellant at Houston, Texas, upon the written order therefor, the appellant denied liability and contended that there was a total failure of consideration to it for such bulbs, in that they had been shown to be wholly worthless as such, at Houston, hence the trial court had erred in refusing to submit to the jury at its request the question of whether or not such bulbs were so wholly useless.

In the state of the record brought here, it is determined that appellant's position cannot be sustained.

The written-order, upon which the bulbs were so shipped, was plain upon its face, and continued this express, printed provision, to-wit: "'5. No warranty is given for the results of planting, forcing, or flowering of any bulbs and roots.'"

While appellant states its contention in three points, its sole challenge of the trial court's direction of the verdict, in essence, is that the evidence, despite the quoted provision of the contract—raised an issue-of-fact for the jury as to whether or not there was such a complete failure of consideration for the bulbs.

This Court is unable to find such evidence; concluding rather that, if any at all, there was no more than a scintilla to the effect that the bulbs, when examined by the appellant's agent at Houston, appeared to be "soft"; indeed, the evidence undisputedly appears to have shown that the appellant had received, at Houston, the precise article it had so purchased—that is, that it had received the shipment, after it had been inspected by the shipping authorities, both at Lisse, Holland, and at Houston, Texas, as having been what the order

called for; that it then planted the bulbs, and found that they would not sprout, nor flower, whereupon it refused to pay for them, as having been entirely worthless.

In support of its position, appellant cites well-recognized authorities to the effect: "* * * an entire failure of consideration will permit a rescission of a contract, and a recovery back of the money paid, when money has actually been paid, * * *. 17 C.J.S., Contracts, § 420; Radford v. Snyder National Farm Loan Ass'n, Tex.Civ.App., 121 S.W.2d 478; White v. Rutherford, Tex. Civ.App., 10 S.W.2d 776 * * *. City of Cleburne v. Gutta Percha & Rubber Mfg. Co., Tex.Civ.App., 127 S.W. 1072."

As indicated, it is concluded that the only evidence before the court, on such claimed-issue of whether or not the bulbs would sprout, or were useless, was the express subject of the written-contract between the parties, by which the appellee, by the quoted provision, was plainly relieved of responsibility for the precise results such evidence alone tended to prove; in other words, the evidence having first shown that appellant, without question, had received the specific article it had so purchased, mere testimony which went no further than to show the alleged results of its planting, or attempting to force the bulbs to produce, was not receivable. Pyle v. Eastern Seed Co., 145 Tex. 385, 198 S.W.2d 562, 563; Nixon v. Cooke et al., Tex.Civ.App., 279 S.W. 862; and Tex.Jur. Vol. 37, page 584.

The rule barring the appellant is thus stated in the Pyle case, supra: "In other words, the buyer agreed to this provision of the contract and bought the seed knowing that the seller was protecting itself under the nonwarranty provision. It is firmly established that where parties have signed, and thereby entered into a written contract, they are bound by its provisions."

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal. The trial court's judgment will, therefore, be affirmed.

Affirmed.