## W. L. WOMACK V. WAMBLE & MCARTHUR.
### No. 555.

1. **Parol Evidence to Vary Writing.**—The deed from appellees to appellant conveying a lot and right to extend a wall forty feet, not undertaking to state what the appellant was to do in return for the grant of right to extend the wall, further than the cash consideration expressed in the deed, it is not inconsistent with its terms to prove by parol what obligation the grantee assumed.

2. **Same.**—A contract may be partly written and partly oral. The obligations on one side may be wholly in writing, while those on the other may be wholly oral. The recital of a money consideration will not exclude proof of another and additional consideration.

APPEAL from Burleson. Tried below before Hon. THOMAS M. HUNT, County Judge.

J. C. Wamble, one of the plaintiffs, testified: "About the 2nd of October, 1891, plaintiffs sold defendant a certain lot in the town of Caldwell, also the right to use the northeast wall of plaintiffs' brick building in the construction of a brick house defendant was then about to build, also the right and privilege to extend the north wall of plaintiffs' building in the same direction a distance of forty feet or more on their line, in consideration of $300 cash, and also the further considertion of an oral agreement by said defendant to extend said wall forty feet on said line. That the oral agreement to build said wall was a part of the consideration for the purchase of said lot, and was contemporaneous with the execution of the deed. That at the time of said sale plaintiffs expected to enlarge their brick building, and they sold said lot at a less price than they otherwise would have done in consideration of said agreement of defendant. That the agreement to build the wall was not inserted in the deed. After the execution of the deed the defendant could not get the ground necessary for him to erect a house 34x100 feet, as he expected when he bought from plaintiffs, without paying what both he and I thought an exorbitant price for a portion of said ground. Defendant had agreed to rent to J. F. Cobb a building 34x100 feet, to be erected. About the time defendant was ready to begin his building I had a conversation with him on the back gallery of our storehouse, and he told me that he could not get a certain piece of ground that he needed without paying an exorbitant price for it, and that he thought of cutting the length of his building down to seventy-five feet, and he also said, 'If I do so, you boys (meaning plaintiffs) shall not lose anything. Whenever you get ready to build, I will extend the wall as I agreed to do.' That the defendant extended the wall he agreed to build only fifteen feet. Plaintiffs had demanded that defendant build the wall as he agreed to, they being about to enlarge their building; defendant refused to do so; plaintiffs extended the wall twenty-five feet at their own expense."

The defendant, Womack, testified in his own behalf, that he did not at the time of or before the execution of the deed agree to build or rather extend the wall of plaintiffs' building. That under the contract he had the privilege to extend the wall of plaintiffs' building, but was not bound to do so. That the contract between him and the plaintiffs is fully expressed in the deed. That it was written by E. G. Banks, attorney for plaintiffs.

*Sam G. Ragsdale* and *A. W. McIver*, for appellant.—Parol evidence will not be admitted to contradict or vary the terms of a deed or other instrument of writing duly executed, when its object is to establish a parol contemporaneous agreement to contradict, vary, or change the terms of the deed or other written instrument, unless there is a charge of fraud or mistake in the execution of the written contract or deed. Weaver v. City of Gainesville, 21 S. W. Rep., 317; Willis v. Bryan, 21 S. W. Rep., 321; Belcher v. Mulhall & Scaling, 57 Texas, 19; Railway v. Garrett, 52 Texas, 133; Railway v. McKinney, 55 Texas, 176; Railway v. Pfeuffer, 56 Texas, 71; Wright v. Hays, 34 Texas, 253; Bigham v. Bigham, 57 Texas, 238.

*G. G. Banks*, for appellees.—The consideration of a deed or other written instrument is simply an acknowledgment of payment, and is open to unlimited explanation by parol testimony in every direction. Taylor v. Merrill, 64 Texas, 494; McLean & Currie v. Ellis, 79 Texas, 398; Cox v. Bray, 28 Texas, 247; Glenn v. Matthews, 44 Texas, 400; Northington v. Tuohy, 2 Ct. App. C. C., sec. 326; Brown on Parol Ev., sec. 92; Goodspeed v. Fuller, 56 Me., 141; Bower v. Bell, 20 Johns., 338; Belden v. Segmon, 8 Conn., 304; Hall v. Hall, 8 N. H., 129.

WILLIAMS, ASSOCIATE JUSTICE.—The deed from appellees to appellant, in consideration of a recited payment of $300 cash, conveyed to appellant the lot of ground and the right to extend their wall forty feet back from the end of the building owned by appellees. It did not undertake to state what appellant was to do in return for this grant, further than it recited a cash consideration. It is therefore like an ordinary deed conveying property, or conferring a right or privilege, which designates what right is conveyed, but does not express the undertaking of the other contracting party. Hence it is not inconsistent with its terms to prove by parol what obligation the grantee assumed.

In this it differs from the cases cited by the appellant, in which the instrument stated what was the undertaking or obligation of the party sought to be charged by parol. In such cases the instrument is held to express the whole of the contract, and can not therefore be varied or added to by parol evidence. Weaver v. City of Gainesville, 21 S.

W. Rep., 317; Willis v. Bryan, Id., 321; Belcher v. Mulhall et al., 57 Texas, 19; Railway v. Garnett, 52 Texas, 133; Railway v. McKinney, 55 Texas, 176; Railway v. Pfeuffer, 56 Texas, 71.

A contract may be partly written and partly oral. The obligations on one side may be all in writing, while those on the other may be wholly oral. Such is often the case when one party makes a deed upon consideration of some undertaking by another.

That the recital of a moneyed consideration will not exclude proof of another and additional consideration, is well settled. Taylor v. Merrell, 64 Texas, 494.

The statement of the account sued on was sufficient to admit proof.

There was no substantial difference between the statement given by the witness McArthur, when called to restate to the jury his testimony given during the trial, and the statement which he was asked to repeat.

*Affirmed.*

Delivered May 17, 1894.