## Felix Stubbs v. Landa Cotton Oil Company.

### Decided January 22, 1902.

**1.—Statement of Facts—Filing Too Late.**

Where a statement of facts, on failure of counsel to agree, was made out and filed too late by the trial judge, the diligence of appellant in presenting to the judge on the last day of the ten days after adjournment allowed for making it by his order, and while he was engaged in trying a case in another court, a statement to which he found himself unable to agree, was insufficient, in the absence of a showing of facts excusing such delay, and the statement was stricken out.

**2.—Appeal Bond—Dismissal.**

An appeal upon bond in a sum merely equal to the estimated amount of costs will be dismissed in default of tender of a sufficient one.

Appeal from Comal. Tried below before Hon. L. W. Moore.

*J. W. Baines, N. T. Stubbs,* and *A. E. Altgelt,* for appellants.

*F. J. Maier,* for appellee.

FISHER, Chief Justice.—A motion is on file in this court, made by appellee, to strike out the statement of facts because it was not filed in time. The case was tried in the District Court of Comal County, and on the 5th day of September, 1901, the court entered an order granting the appellant ten days after adjournment of court in which to prepare and file a statement of facts. The statement of facts was filed October 17, 1901. The court adjourned on the 6th day of September, 1901. To the statement of facts is appended this certificate of the trial judge:

"Lockhart, Texas, October 15, 1901.—I hereby certify that the parties to this suit failed to agree to a statement of facts. Each presented to me their respective statements, and from these and own my knowledge of the facts as testified to by the witnesses, I do make out the above and foregoing statement of facts as a correct statement of all of the facts proven upon the trial, and as such I certify the same. I further certify that the defendant did present to me a statement of facts made out by him on September 16, 1901, being the tenth day after adjournment of the District Court of Comal County, which I could not approve, being incorrect, and I could not examine the same correctly or make out a statement of facts, as I was then in the midst of a trial of an im-

portant case in the District Court of Hays County, Texas, and I made the above statement of facts at my first convenient opportunity." This was signed by the district judge.

Article 1379, Revised Statutes, prescribes the manner in which parties may prepare and agree to a statement of facts. Article 1380 prescribes the rule for preparing a statement of facts by the judge when the parties do not agree. Article 1381 authorizes the court, by an order entered upon the record, to allow a statement of facts to be made up and signed and filed in vacation, at any time, not exceeding ten days, after the adjournment of the term. Article 1382 reads as follows:

"Whenever a statement of facts shall have been filed after the times respectively prescribed in the preceding articles, 1379, 1380, and 1381 of this chapter, and the party tendering or filing the same shall show to the satisfaction of the courts of civil appeals that he has used due diligence to obtain the approval and signature to the judge thereto, and to file the same within the time in this chapter prescribed for filing the same, and that his failure to file the same within said time is not due to the fault or laches of said party or his attorney, and that such failure was the result of causes beyond his control, the courts of civil appeals shall permit said statement of facts to remain as part of the record and consider the same in the hearing and adjudication of said cause, the same as if said statement of facts had been filed in time."

Matthews v. Boystun, 31 Southwestern Reporter, 816, and Thompson v. Hawkins, 38 Southwestern Reporter, 236, indicate in a general way the construction that has been placed upon the provisions of the statutes noticed by a number of cases where these statutes have been construed. The first case cited is to the effect that the statement of facts must be filed within the time required by the statute, or else it will not be considered. In the second case it is in effect stated that the statement of facts must be filed within the time allowed by the order of the court made in pursuance of the statute; and that the trial judge has no power to order the clerk to file it later than that time.

The policy of the law upon this subject seems to be to absolutely prohibit the court from considering a statement of facts not filed within the time allowed by law and the order of the court, unless the party brings himself within the rule announced in article 1382 of the Revised Statutes. This article seems to contemplate that in any case where the statement of facts is not filed within the time required, that the burden is upon the party offering the same to acquit himself of faulty negligence or delay in causing to be prepared and filed within the time required, the statement of facts. In this particular case the appellant must have known that the trial judge was engaged in holding court in an adjoining county, and that more than likely the press of business before him at that time might be of such a character as not to enable him, upon the last day upon which the statement should be filed, to prepare and file a statement of facts. In other words, under the section of the statute quoted, the appellant should have met the motion to strike out, which

was not done, with some statement to the effect negativing the facts stated in the certificate of the judge, or should have shown that, by reason of particular facts and circumstances, he was justified in waiting till the last day in which to request the trial judge to make up a statement of facts; and that the failure or delay, under the particular facts and circumstances, was not attributable to any laches or negligence upon his part. There is no counter affidavit or statement made by the appellant upon these points; and, in the absence of any excuse offered for not having caused to be prepared and filed within the time required the statement of facts, he does not bring his case within article 1382. Consequently, the motion will be granted and the statement of facts stricken out.

. We also think the motion of appellant to dismiss the appeal is well taken. The motion is made upon the ground that the appeal bond is not double the probable amount of the costs, as fixed by the clerk of the trial court. The amount of costs fixed by the clerk is estimated at $100. The appeal bond is for $100. Article 1400 of the Revised Statutes requires the bond to be double the probable amount of the costs of the suit in the Court of Civil Appeals, Supreme Court, and the court below, to be fixed by the clerk, etc. The appellant will be allowed twelve days from the date of this order, in which to file a new bond. Upon his failure to do so the case will be dismissed.

*Motions to strike out stat   ent of facts and dismiss appeal granted.*