CHICAGO, R. I. & G. RY. CO. v. PEMBERTON. (No. 6843.)

(Court of Civil Appeals of Texas. Dallas. Oct. 10, 1914. Rehearing Denied Oct. 24, 1914.)

1. DAMAGES (§ 132*)—PERSONAL INJURIES—MEASURE.

An award of $3,500 damages in favor of plaintiff, whose knee was so seriously hurt that the synovial fluid was extracted therefrom, causing stiffness and weakness of the leg which lasted for over 11 months and apparently was permanent, is not excessive, particularly where the injury prevented plaintiff from working more than a third of his time.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

2. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL.

Where the court in its main charge defined ordinary care and informed the jury that there could be no recovery if plaintiff failed to use ordinary care, the refusal of a request to charge that plaintiff was bound to use the same degree of care to avoid injury to himself as defendant was to guard against injurying him was not error; the request being covered by the charge given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

3. DAMAGES (§ 206*) — PHYSICAL EXAMINATION OF PLAINTIFF—RIGHT TO.

Where plaintiff exposed his knee to the jurors so that they could hear the grating sound when it was moved, but it did not appear that there was any mark on the outside tending to affect them, the refusal of the court to appoint a committee of physicians to examine plaintiff was not error, where the physicians stated it would be necessary to anæsthetize plaintiff, and plaintiff refused to submit to the administration of the anæsthetic.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 531; Dec. Dig. § 206.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by Henry Pemberton · against the Chicago, Rock Island & Gulf Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 155 S. W. 652; 161 S. W. 2; 168 S. W. 126.

Lassiter, Harrison & Rowland, of Ft. Worth, and Bennett Hill, of Dallas, for appellant. W. L. Crawford, Jr., and Carden, Starling, Carden & Hemphill, all of Dallas, for appellee.

RAINEY, C. J. While Pemberton was helping to unload a car which was standing on a side track of appellant at Irving, Tex., appellant moved another car against said car, which caused appellee to fall from the wagon and personally injure him. He brought this suit for damages, and upon a hearing he recovered judgment for $3,500, and the appellant prosecutes this appeal.

There are four assignments of error presented by the brief, which are, in effect: (1) That the verdict is excessive; (2) error in refusing a special charge; (3 and 4) error in the refusal of the court to appoint physicians to examine the plaintiff's injuries.

At a former term of this court we refused to consider the assignments of error and affirmed the judgment. 155 S. W. 652. The Supreme Court granted a writ of error, and remanded the cause to this court for a consideration of the first assignment of error, holding, in effect, that we were in error in not considering it. 161 S. W. 2. The Supreme Court further held, in effect, that the statements under the other assignments were defective in failing to comply with rule 31 (142 S. W. xiii), and the consideration thereof was within our discretion, but, as there were no objections raised by the appellee, this court would have been warranted in considering them. It is intimated that our ruling in this case was technical. We did not so intend it to be. We have always tried to dispose of cases without resorting to technicalities knowingly, and, as it is within our discretion to pass upon the said assignments without infringing the rules adopted by the Supreme Court for the guidance of this court, we will consider them. We will now consider the various questions arising under the presentation of the case by appellant.

[1] The first assignment presented is, in effect, that the verdict of the jury for $3,500 is excessive, and the proposition presented is that:

"A fair consideration of the evidence in this case shows that the plaintiff's injury was inconsiderable, and that the verdict is grossly excessive."

The law contemplates that when a party is wrongfully injured he is entitled to such damages as will justly and adequately compensate him. No definite rule for arriving at the amount of compensation is fixed, but the law has left it to the determination of a jury after a fair and impartial hearing of the case. This discretion of the jury will not be disturbed by an appellate court, unless there appears something in the record to show that it was influenced by passion or prejudice on the part of the jury. We have examined the record, and are unable to find anything that was calculated to arouse passion or prejudice in the minds of the jury. A careful scrutiny of the evidence, we think, will show that it was sufficient to warrant the jury in assessing the amount of damages it did. There was evidence, which the jury were authorized to believe, that plaintiff's knee was injured; that it was inflamed; that the synovial fluid had been extracted therefrom, the loss of which caused a stiffness of said knee joint, and that such condition was permanent; that he had suffered pain from such injury—had been confined in the hospital for about five weeks. At the time of the trial, about 11 months after the injury was inflicted, he had been unable to work over one-third of his time. He had to use one crutch, as his leg would give way at times. At the time of trial his knee had not improved for about five months.

There was some conflict in the evidence with reference to the permanency of injury, but there seems to be no controversy as to the injury to the knee being serious. There being no circumstance that transpired on the trial which had a tendency to engender passion or prejudice in the minds of the jury, we are of the opinion that this court should not disturb the verdict.

[2] The second assignment of error complains of the refusal of the court to give the following charge:

"The law imposed upon the plaintiff the same degree of care to guard against injury to himself as it did on the defendant to guard against

injuring the plaintiff. If you believe from the evidence that the plaintiff failed to exercise for his own safety, on the occasion of the accident, that degree of care that a person of ordinary care and prudence would have exercised under the same or similar circumstances, and that such failure, if any, proximately caused, or concurred with the negligence, if any, of the defendant in causing, the accident, then your verdict must be for the defendant."

The court in its main charge defined ordinary care, and told the jury, if the plaintiff failed to exercise such care, etc., to find for the defendant. This charge, while not quite as full as the requested charge, fully covered the principles asked, and was sufficient. Had the requested charge been given, the result would evidently have been the same, and the refusal should not cause a reversal.

[3] The third and fourth assignments of error relate to the action of the court in refusing to appoint a committee of disinterested medical experts to examine the plaintiff for the purpose of testifying as to the extent of his injuries and the probable duration thereof.

While the plaintiff was testifying he pulled up his trousers leg, leaving an openwork drawers leg covering his limb. It is not shown that the outer surface of the knee disclosed any mark indicating the extent of injury, nor was its appearance in any way calculated to arouse the sympathy of the jury. It seems the only purpose for raising the trousers leg was that the grating sound made by the working of the knee could be more distinctly heard by the jury and others. No restrictions were placed upon the examination other than the refusal to appoint a committee. One of the appellant's physicians had examined the plaintiff just before the trial began and testified in the case. Two of the physicians testified that, in order to make a more thorough examination, it would be necessary to place the plaintiff under an anæsthetic. The plaintiff refused to submit to the administration of an anæsthetic, and the court's main reason for refusing to appoint the medical committee was on account of the refusal of the plaintiff to submit to the administration of the anæsthetic. The refusal of the plaintiff to submit to the administration of an anæsthetic we do not think unreasonable, and therefore hold there was no error in the court's ruling.

The judgment is affirmed.