## LEESON v. CITY OF HOUSTON et al.
### (No. 7935.)

(Court of Civil Appeals of Texas. Galveston. Oct. 28, 1920. Rehearing Denied Dec. 2, 1920.)

1. **Evidence** ⟨⟩397(1) — **Written instrument constituting contract cannot be varied by parol.**

The terms of a written instrument constituting a contract cannot be varied by parol.

2. **Evidence** ⟨⟩419(4)—**Parol evidence admissible to show real consideration for conveyance.**

Parol evidence is admissible to show that the grantee in a deed containing a covenant against incumbrances agreed to assume certain charges against the property conveyed.

3. **Municipal corporations** ⟨⟩568(2) — **Letter from defendant purchaser of realty to contractor's attorneys admissible in suit on paving assessment certificates.**

In suit by a city on special assessment paving certificates, a letter written by defendant, purchaser of the property, to the attorneys for the contractor, showing substantially that he, defendant purchaser, had a contract for the purchase of the property conditional on collection of a note placed with the then owner of the property for collection, and that if he got the property he would pay for the paving to be done by the contractor, *held* admissible as constituting a binding contract by defendant purchaser to pay the contractor the indebtedness sued on.

4. **Limitation of actions** ⟨⟩24(1)—**Two years' statute did not apply to suit on written contract.**

The two years' statute of limitations did not apply to a suit on a contract in writing.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by the City of Houston, for the use and benefit of the Uvalde Rock Asphalt Company, against R. L. Leeson and another. From judgment for plaintiff, defendant Leeson appeals. Affirmed.

Homer Stephenson, of Houston, for appellant.

E. T. Chew, of Houston, for Russell Brown Company.

LANE, J. The city of Houston, for the use and benefit of the Uvalde Rock Asphalt Company, instituted this suit on the 26th day of October, 1918, against Russell Brown Company and appellant, R. L. Leeson, upon four certain special assessment paying certificates, dated October 27, 1914, each for the sum of $38.04, same being duly levied and assessed against Russell Brown Company, the then owner of lot 3 in block 7, Montrose addition to the city of Houston, fronting on Avondale avenue in said city, and each con-

stituting a lien on said lots. A foreclosure of the assessment paving certificate lien of the city was asked against both Russell Brown Company and appellant, Leeson, who was the owner of said lot at the time of filing the suit. Judgment for $100 as attorney's fee was also prayed for.

After alleging the assessment and levy, and the lien on the lot by reason thereof, the city further alleged as follows:

"Plaintiff further shows to the court that R. L. Leeson has purchased lot 3, in block 7, in the Montrose addition to the city of Houston, and has expressly assumed the payment of said certificate, and is legally obligated to pay the same, as per its terms and stipulations.

"That though often requested, defendants Russell Brown Company and R. L. Leeson have paid no part of said indebtedness, to the plaintiff's damage in the sum of $300.

"That it is necessary to sue upon the said certificate and assessment, and that attorney's fees have been and will be incurred, and that the said certificate and assessment have been placed in the hands of the undersigned attorneys, Baldwin & Baldwin, and that their reasonable attorney's fee is the sum of $100."

The Russell Brown Company answered in substance and effect that as a part of the consideration for the purchase of said lot 3, block 7, R. L. Leeson agreed to pay the special assessment certificates sued upon.

Appellant, Leeson, filed an answer, interposing a general demurrer and general denial, and alleged that he had purchased the property in question of his codefendant, Russell Brown Company, under a general warranty deed for and in consideration of $10,000, and claimed protection under his general warranty and the stipulations therein contained, and asked for judgment against defendant Russell Brown Company under and by virtue of the general warranty deed in the event he was adjudged to pay any sum whatever therein. He also interposed as a plea the statute of two years' limitation.

That the certificates were properly issued, and that they were liens against lot 3, block 7, in Montrose addition to the city of Houston, and that the city had the right to recover from the party justly owing same, and to foreclose its lien upon said lot for the use and benefit of the Uvalde Rock Asphalt Company, is not a disputed question. The controversy is between the Russell Brown Company and appellant, Leeson, as to who is obligated to pay said certificate.

It is shown that on the 16th day of December, 1913, Russell Brown Company and appellant, Leeson, executed a joint contract, by the terms of which it was agreed that Russell Brown Company sell and convey by warranty deed to R. L. Leeson lot 3 in block 7, Montrose addition to the city of Houston, for a consideration of $10,000 cash, provided. a note for $3,000 to one Coghill, which was

a lien upon said lot, and not due, could be paid off, but that, in the event Coghill should refuse to accept payment before maturity, then Leeson was to pay the company $5,000 cash and assume the payment of the Coghill note; the company agreeing to pay interest due on said note up to the time of delivery of its deed to said lot.

It was also agreed that the company would take possession of a note belonging to R. L. Leeson for collection; the same having been delivered to the company.

It was further agreed that the purchase of the lot by Leeson was contingent upon the collection, or part collection, of the note so placed with the company. It was further agreed that the company should pay the taxes due on the lot for the year 1913.

On the 16th day of March, 1914, Russell Brown Company executed the following deed:

"The State of Texas, County of Harris.

"Know all men by these presents: That the Russell Brown Company, a corporation existing under and by virtue of the laws of the state of Texas, with its principal place of business at Houston, county of Harris, state of Texas, for and in consideration of the 'sum of ten thousand and no/100 ($10,000.00) dollars to it in hand paid and secured to be paid by R. L. Leeson, as follows: Five thousand dollars ($5,000.00) in cash, the receipt of which is hereby acknowledged and confessed, and the assumption and promise to pay by R. L. Leeson of a note dated March 6, 1913, after its date, executed by the Russell Brown Company in favor of Alexander Coghill, Jr., or order, bearing interest at the rate of eight per cent. per annum, the interest payable semiannually, which interest the purchaser assumes from this date only, this note being secured by a deed of trust on the property herein conveyed, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said R. L. Leeson, of the county of Harris, state of Texas, all that certain lot, tract or parcel of land in the city of Houston, Harris county, Texas, on the south side of Buffalo bayou, being a part of the subdivision of lot 18 of the Obedience Smith survey, and known as lot No. three (3) in block No. seven (7), of Montrose addition, said lot fronting 50 feet on Avondale avenue and running back in depth 130 feet.

"To have and to hold, the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said R. L. Leeson, his heirs and assigns forever, and it does hereby bind itself, its successors and assigns, to warrant and forever defend, all and singular, the said premises unto the said R. L. Leeson, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness the signature of the Russell Brown Company by its president, attested by its secretary, with its corporate seal hereunto affixed this 16th day of March, A. D. 1914.

"The Russell Brown Company,
"By Russell Brown, its President.
"Attest: By J. C. Davern, its Secretary."

By agreement of the parties this deed was put in escrow in the Lumbermen's National Bank at the time of its execution to await the payment of the consideration expressed therein, by Leeson.

In March, 1914, Leeson with his family moved into the house on said lot. On the 29th day of July, 1914, the city of Houston passed an ordinance ordering the pavement of Avondale avenue and the levying of an assessment against the property owners and their property on said avenue. On the 12th day of September, 1914, the assessment against the properties on said avenue was made by the city, and on the 22d day of October, 1914, the city, through its proper officer, issued five paving certificates for the sum of $38.04 each against Russell Brown Company as the owners of said lot 3, block 7, Montrose addition to the city of Houston, for the use and benefit of the Uvalde Rock Asphalt Company, who had contracted to pave said avenue. The first of these certificates was due and payable on the 22d day of October, 1914, and Nos. 2, 3, 4 and 5 were payable, respectively, on the 22d day of October, 1915, 1916, 1917, and 1918. On the 11th day of September, 1914, Baldwin & Baldwin, attorneys representing the Uvalde Rock Asphalt Company, wrote appellant Leeson the following letter:

"Dear Sir: I herewith inclose paving contract which the Uvalde Rock Asphalt Company is having the property owners execute who live along Avondale avenue agreeing to pay their pro rata share of the cost of pavement, curb, etc., which is now being placed on this street.

"If this is your homestead, then we want you and your wife to sign and acknowledge this contract before a notary public, as it is necessary that you sign and acknowledge same before the pavement is placed in front of your property. Work is beginning on the east end, and we hope you will rush this back as soon as possible that the work may not be delayed."

On the 14th day of September, 1914, appellant, answering the foregoing letter, wrote as follows:

"Messrs. Baldwin & Baldwin—Gentlemen: I am returning you inclosed the contract you sent me. I would think the Russell Brown Company would be the parties to sign the contract as the property has not been deeded to us or I might say the deed has not been turned over to us. We have a contract for the property conditional upon the collection of a note assigned to the R. B. Co., and we would be willing to pay for the street improvements provided we get the property, but don't care to obligate ourselves to pay it until the deal is fully consummated.

"If we get the property we would pay cash for the improvements. Expect to be in Houston in about ten days."

Russell Brown, president of the Russell Brown Company, testified that when the contract of December, 1913, between said

company and appellant, was made, he told appellant that there was some talk about paving the avenue, and that in the event it was paved he (appellant) would pay for the paving chargeable to the property in question; that appellant paid the taxes due on the property for 1914 and the first of the certificates and agreed to pay the other certificates; that his promise to pay these certificates was a part of the consideration for the purchase of the property; that he paid the first certificate at the request of appellant in November, 1914, and that at the time of such payment he had no money belonging to appellant, but that appellant instructed him to pay same and deduct it from any money he might collect for him; that upon such request he made such payment and charged the same to appellant's account among other items, and that appellant paid said account without protest.

Mr. J. E. Davern, vice president of the Russell Brown Company, testified that the amount charged to the account of appellant for the payment of the first certificate was allowed by appellant without objection or protest; that he was present at the time the settlement was made. In February, 1915, Russell Brown Company received moneys collected from the securities of appellant, mentioned in their original contract, more than sufficient to pay the $5,000 cash consideration called for by the deed, and upon receipt of this money the deed in escrow was acknowledged and delivered to and accepted by appellant, and the balance of the money so received by the company for appellant, less the items charged to his account, including the amount paid to cancel the first certificate, was paid to him.

The foregoing is a sufficient statement of the pleadings, and of the evidence tending to support the judgment of the court, for a fair understanding of the complaints presented by this appeal.

After the evidence was offered, the plaintiff city of Houston waived its right of recovery of a personal judgment against either of the defendants and asked only for a judgment fixing the amount due, and for a foreclosure of the paving lien on the property in question. Whereupon, the court, trying the cause without a jury, rendered judgment in which the following recitals are made:

"* * * It appearing to the court that plaintiff's cause of action is based and founded upon four past-due paving coupons or certificates, each for the sum of $38.04, and each bearing interest at the rate of 7 per cent. per annum from the 22d day of October, 1914, and it further appearing to the court that said indebtedness was established to secure the payment for certain pavement in front of the following property: Lot 3, in block 7, in Montrose addition to the city of Houston, Harris county, Tex., and is secured by a lien upon said property, and it further appearing to the court that plaintiff is entitled to recover the further sum of $100 as attorney's fees, which is also a lien upon the above-described property, it is therefore considered by the court that the plaintiff, city of Houston, recover the sum of $152.16, with interest thereon from October 22, 1914, at the rate of 7 per cent. per annum, together with the further sum of $100 attorney's fees, and it is further ordered, adjudged, and decreed by the court that the aforesaid lien upon the above-described property be and the same is hereby foreclosed as against both of the defendants the Russell Brown Company and R. L. Leeson, and that the clerk of this court do issue an order of sale, directed to the sheriff or any constable of Harris county, Tex., commanding him to seize and sell said property as under execution and that he apply the proceeds thereof to the payment and satisfaction of the said sums above named, together with interest that may be due thereon and costs of this suit.

"It is further ordered, adjudged, and decreed by the court that the defendant R. L. Leeson recover nothing as against the Russell Brown Company on his plea over against it, and that the defendant the Russell Brown Company recover nothing as against the defendant R. L. Leeson on its plea over against the defendant, R. L. Leeson."

From this judgment R. L. Leeson has appealed.

By assignments 1 to 4, inclusive, it is insisted that the court erred in admitting, over the objection of appellant, any evidence tending to show that prior to the execution and delivery of the deed to him appellant promised to pay said paving certificates as a part of the consideration for the property conveyed to him, because such evidence was offered for the purpose of varying, and did tend to vary, the terms of the deed, in that it tended to show an additional consideration to that stated in the deed. And as the warranty clause of the deed was by implication of law a warrant on the part of the Russell Brown Company that the title to the property conveyed was free from all incumbrances except the Coghill note, the payment of which was by the terms of the deed assumed by appellant, the evidence objected to tended to violate said clause.

[1, 2] The general rule, that the terms of a written instrument constituting a contract between parties cannot be varied by parol evidence, contended for by appellant, is well settled. It is equally as well settled that parol evidence is admissible to show the real and true consideration passing for the conveyance of land, and we think it is settled by the weight of authority that parol evidence is admissible to show that the grantee in a deed, containing a covenant against incumbrance, agreed to assume the payment of certain charges against the property conveyed. Devlin on Deeds, § 1073; Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845; Robinson v. Clymer, 170 S. W. 107, at page 108; Detering v. Boyles, 155 S. W. 984.

The decision in the case of Walter v. Dearing, 65 S. W. 380, by the Dallas Court of Civil Appeals, rendered in November, 1901, supports the contention of appellant here made; but it is in direct conflict with the holding of our Supreme Court in the case of Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845, decided one year before, and it also conflicts with the holding in the cases of Detering v. Boyles and Robinson v. Clymer, both of which follow the holding in the case of Johnson v. Elmen. We are forced to conclude that the Dallas court in deciding the case of Walter v. Dearing, supra, overlooked the decision of our Supreme Court in the case of Johnson v. Elmen, and our conclusions are strengthened by the fact that the same court in deciding the same question in the case of Robinson v. Clymer, 170 S. W. 107, decided in 1914, followed the holding in the case of Johnson v. Elmen, which, as we have already stated, is in direct conflict with the holding in Walter v. Dearing.

The case of Johnson v. Elmen was one with facts presenting substantially the same questions here being discussed, and we think is decisive of such questions in this state. Chief Justice Gaines, speaking for the Supreme Court, said:

"The question presents itself whether, because of the resulting effect upon the covenants in the deed, the grantor is deprived of the right of showing the assumption of the notes on part of the [grantee] grantor, a right which would clearly have been his had he not covenanted against incumbrances. While there is very high authority to the contrary, we are of opinion that it does not. The agreement of the grantee to pay the notes was a part of the contract for the exchange of the lands, but was not a necessary part of either conveyance. It was an additional consideration which the appellant was to pay for the premises conveyed to him, which, as a general rule, as we have seen, may be established by parol evidence. It was a part of the original contract which was agreed upon between the parties, and which was finally consummated by their respective conveyances. The ground upon which the authorities which hold parol evidence inadmissible in such a case proceed, is that the effect of proof is to except the incumbrance from the covenant and thus to vary the contract as shown by the writing. But does proof of the promise to discharge the debt which is a lien upon the land except anything from the covenant? Does it conflict with or is it inconsistent with the terms of the conveyance? We think not. Clearly, in a suit for a breach of a covenant against incumbrances, it could be shown that a lien had been discharged either before or at the time of or after the execution of the deed; and we think that the effect of the promise which was proved by parol in this case was not to except the vendor's lien notes from the covenant, but was to show that as between the parties to the contract the incumbrance had been discharged. In a case which, we think, is not to be distinguished in principle from this,

the Supreme Court of Pennsylvania say: 'This being so, this mortgage was, as between the grantor and the corporation grantee, paid.' Johnston v. Markle Co., 153 Pa. St. 195. Is the appellant to be permitted to claim a right by reason of the nonpayment of a debt, which, by his own promise, he became primarily liable to pay? Does it lie in his mouth to complain that his grantor has not done that which he bound himself to do? The lien remained after his promise, but as between him and the grantor, it was no longer an incumbrance resting upon the latter but one which he had taken upon himself. It seems to us that although this is a question of law, the equitable principle should apply, that that is considered as done which ought to be done, and that as between the parties, the lien should be held to be discharged."

For the reasons pointed out, we do not think the court erred in admitting the evidence complained of.

[3] Independently of what we have said as to the admissibility of the evidence objected to tending to show that an additional consideration to that stated in the deed was paid by appellant as part of the purchase price of the property purchased by him from the Russell Brown Company, there is an unanswerable reason, we think, for holding that the letter written by appellant to Baldwin & Baldwin, attorneys for the Uvalde Rock Asphalt Company, of date September 14, 1914, was admissible. In this letter he said substantially that he had a contract for the purchase of the property (the Russell Brown property), conditional upon the collection of a note which he had placed with the Russell Brown Company for collection, and that if he got the property he would pay for the paving to be thereafter done by the Uvalde Rock Asphalt Company. There was ample evidence showing that before appellant wrote the letter referred to above, and before the deed from the Russell Brown Company to him was executed or delivered, Russell Brown, acting for the Russell Brown Company in the matter of the sale of the property in question, told appellant that the city was proposing to have Avondale avenue, lying adjacent to the property, paved, and that if he (appellant) purchased the property he would have to pay for so much of the paving as was chargeable to said property; that this proposition was agreed to and accepted by appellant. This letter was thereafter written and constituted a binding written agreement and contract on the part of appellant to pay the Uvalde Rock Asphalt Company, the party for whose benefit this suit was brought, the indebtedness sued on. This written contract was supported by a valuable consideration, in that appellant did get the property in question, and the Uvalde Rock Asphalt Company did thereafter pave said Avondale avenue. Appellee alleged that appellant had assumed and promised to pay the debt sued on and prayed for judgment upon

such promise. It is evident, therefore, that this evidence was not only admissible, but that its introduction was necessary to support the only allegation in the petition whereby appellee sought a recovery from appellant.

By the fifth assignment it is insisted that the court erred in overruling appellant's plea of limitation of two years.

[4] There is no merit in this assignment. We have already shown that the suit as against appellant was upon a contract or promise in writing, and therefore the two years' statute of limitation did not apply.

What we have already said disposes of the sixth assignment, and it is therefore overruled.

Finding no error in the trial of the cause, nor in the judgment rendered, such judgment is in all things affirmed.

Affirmed.