### MOORE et al. v. AMERICAN LUMBER CO. et al. (No. 187–3231.)

(Commission of Appeals of Texas, Section A. June 1, 1921.)

1. **Appeal and error** &⫯1108—**Rights under stipulations in deeds made subsequent to application for writ of error cannot be determined.**

Whether a party is entitled to mineral rights in the land in controversy by virtue of stipulations made in the deeds conveying the land subsequent to the filing of the application for writ of error could not be determined by a review of the record.

2. **Appeal and error** &⫯781(6)—**Case dismissed where issues have become merely academic.**

In an action in trespass to try title, questions brought up on error *held* to have become merely academic, the parties having settled and adjusted their differences, so that the case should be dismissed.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by M. G. Moore and W. H. Ratliff against the American Lumber Company and others. Judgment for plaintiffs as against all the defendants except as against the American Lumber Company, for which judgment was entered, and the other defendants and plaintiffs brought error to the Court of Civil Appeals, which reversed and remanded in part, and affirmed in part the judgment (203 S. W. 429), and the plaintiffs bring error. Motion to dismiss at cost of plaintiffs in error granted.

W. H. Ratliff and K. R. Craig, both of Dallas, and Carter, Walker & Cousins, of Hemphill, for plaintiffs in error.

H. B. Short, of Center, Jno. W. Minton, of Hemphill, W. D. Gordon, and F. J. & C. T. Duff, all of Beaumont, and Terry, Cavin & Mills, of Galveston, for defendants in error.

---

&⫯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

TAYLOR, P. J. This was a suit by M. G. Moore and W. H. Ratliff to try title to a league of land granted to John Moore in 1835. The defendants were American Lumber Company, J. O. Toole, W. F. Goodrich, H. B. Arnold, Harry Youngblood and wife, and R. L. Weathersby and wife.

J. O. Toole disclaimed as to 500 acres in the northeast corner of the league, and also as to 1,107 acres in the south portion, and as to the remainder pleaded not guilty. The American Lumber Company answered by plea of not guilty, and also claimed the entire league under the limitation statutes. It is not necessary to state the answers of the other defendants.

The case was submitted to the jury upon special issues as between all parties except the American Lumber Company, in whose favor the trial court peremptorily instructed a verdict for 1,107 acres of the league. Judgment was entered in favor of Moore and Ratliff as against all the defendants for all the land sued for, except as to the American Lumber Company, in whose favor judgment was entered for 1,107 acres.

The case was appealed to the Court of Civil Appeals by writ of error, J. O. Toole and the other defendants except the American Lumber Company being plaintiffs in error in one writ as against Moore and Ratliff, and Moore and Ratliff being plaintiffs in error in the other writ as against the American Lumber Company. The Court of Civil Appeals reversed and remanded the cause as between plaintiffs in error, Toole and others, and defendants in error, Moore and others, and affirmed the judgment of the trial court as between Moore and Ratliff, plaintiffs in error, and American Lumber Company, defendant in error.

Writ of error was granted by the Supreme Court "only on ground of conflict as to peremptory charge question."

An agreed motion to dismiss was filed on January, 28, signed by counsel for Moore, as plaintiff in error and American Lumber Company, as defendant in error, respectively. Notice thereof was given by the clerk of the Supreme Court to the attorneys of record of all parties to the suit. The only reply raising any question as to the dismissal of the writ was a letter from one of the attorneys of record for J. O. Toole, from which the following is an excerpt:

"It would be unfortunate indeed if private parties could control this case and prevent the 'jurisprudence of this state' from being benefited by having a question of such grave importance in the opinion of the Supreme Court finally settled for the benefit of posterity as to whether this John Moore, born in 1830, was the original grantee of this land and did not execute the deed attested by Thos. J. Rusk and others under which defendants in error hold, dated October 3, 1835. * * *

"It is my intention to appear on February 1st, before the honorable Commission of Appeals in the interest of a judicial determination of 'this great question' which must finally be passed upon by the Supreme Court itself later on."

The cause was set for submission by the Commisssion of Appeals the second time, after being passed on first submission. The material subsequent developments in the case are stated in a letter sent by us (Section A of the Commission) to the attorneys of record of all the parties to the suit, copy of which follows:

"Application for writ of error was made and the writ granted, in the case styled M. G. Moore et al., Plaintiffs in Error, v. American Lumber Co., Defendants in Error, and J. O Toole et al., Plaintiffs in Error, v. M. G. Moore et al., Defendants in Error. The application for the writ is signed by W. H. Ratliff and K. R. Craig, Dallas, Tex., and Carter, Walker & Cousins, Center, Tex., all as attorneys for M. G. Moore et al. On January 28, 1921, an agreed motion to dismiss in the case of M. G. Moore v. American Lumber Co. was filed, signed by the attorneys for M. G. Moore et al., and also by F. J. and C. T. Duff, and Terry, Cavin & Mills, attorneys for American Lumber Company. The motion states that all matters in the cause in which the motion is filed had been adjusted and settled, and that it has been agreed that the cause be dismissed.

"On February 17, an affidavit in support of the motion was filed, copy of which is inclosed herewith.

"It was stated in open court by W. R. Cousins, one of counsel for plaintiffs in error, on the call of this case for submission, that all of the issues in controversy in the cause in which writ of error was granted have been settled by the parties; that the settlement was finally consummated by the American Lumber Company acquiring all of the interests of J. O. Toole here in controversy. Mr. John W. Minton, attorney of record for Toole, who was present at the time, did not controvert the statements made.

"The Supreme Court does not desire to pass upon questions involved if they are only moot questions. Unless the statement that all issues in controversy pending in the causes in which the application was granted have been settled are controverted by March 1st, we will recommend to the Supreme Court that the motion to dismiss be granted."

[1, 2] No affidavit has been filed controverting the statement that all matters in the cause have been adjusted and settled, unless an affidavit made by one of the attorneys of record for J. O. Toole verifying the statements contained in a letter from him (the attorney) addressed to the Commission of Appeals, and a letter from J. O. Toole to his attorney attached thereto, may be regarded as controverting the matters stated.

Mr. Toole in the letter to his attorney dated February 2, 1921, says:

"While I have sold my interest in the Moore land except I retained the mineral right, I want

this case to go through the courts and be rendered for the good it will do others. * * * I do not want the case dismissed, but do not know that I have a right to say more."

Independent of whether defendant in error, Toole, is in position to question an agreed motion to dismiss as between Moore and the lumber company, it seems clear that the questions herein have become merely academic. Whether Toole is entitled to mineral rights in the land in controversy by virtue of stipulations made in the deeds conveying the land subsequent to the filing of the application for the writ herein could not be determined by a review of this record; nor would a dismissal of the cause by the Supreme Court affect any rights growing out of such subsequent conveyances. Furthermore, it appears that the Court of Civil Appeals on appeal by Toole reversed and remanded the cause to the trial court as prayed for by him.

We recommend that the motion to dismiss at the cost of plaintiff in error be granted.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes