KLECK et ux. v. KLECK. (No. 6835.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 13, 1922.)

Evidence ⟬══419(4)—Evidence as to assumption of indebtedness held admissible under recital as to consideration for deed.

In an action by the purchaser of property against the vendors on account of money paid to release claims against the property not specified in the deed, and consisting of unpaid taxes, and assessments, and a deed of trust, evidence by defendants that plaintiff knew of and orally assumed payment of such claims was admissible to show what were the "other good and valuable considerations" recited in the deed.

Appeal from District Court, Kendall County; R. H. Burney, Judge.

Action by Peter Kleck against Jesse Kleck and wife. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Max Blum and A. P. C. Petsch, both of Fredericksburg, and Taliaferro, Cunningham & Moursund, of San Antonio, for appellants. J. B. Wieser, of Fredericksburg, and W. C. Linden, of San Antonio, for appellee.

COBBS, J. Appellee approves the statement of the case made by appellant as follows:

"Peter Kleck sued Jesse Kleck and Mrs. Bertha Kleck, alleging that they had conveyed to him by general warranty deed, dated July 18, 1917, certain premises known as lot 4, New City block 789, on San Pedro avenue in the city of San Antonio; that the conveyance was

made for a cash consideration of $2,000 and the assumption of a note by grantors to Mrs. J. W. Nibel on which there was due $5,009, and the execution and delivery by said Peter Kleck to Jess Kleck of a note for $2,500, payable one year after date, and bearing 8 per cent. interest. Plaintiff further alleged that he paid the cash consideration and the Nibel note, and that he made certain payments of principal and interest on his note to Jess Kleck. He further alleged that after his purchase of said property a demand was made on him for the payment of a note executed by Alfred H. Kleck and William E. Kleck to Ahrens & Ott Manufacturing Company on January 13, 1916, secured by deed of trust upon the premises so purchased by him; that in order to save his property from forced sale under said deed of trust he was compelled to pay off, and did pay off, said note on or about November 24, 1917. Plaintiff further alleged that on March 20, 1918, he was compelled to pay $57.40 past-due paving assessment levied against said property under an ordinance of the governing body of the city of San Antonio, passed November 29, 1915; also that he was forced to pay off taxes due the state and county on said property for the year 1916–1917 in the sum of $57.75, and taxes due for period from January 1, 1917, to July 18, 1917, to the extent of $27.65.

"Plaintiff further alleged that he would not have purchased the property had he known of any of said incumbrances, but that he bought in reliance on the warranty of title and the covenants incident thereto that all taxes, liens, assessments, and incumbrances had been paid, excepting the $5,009 due on the Nibel note.

"The plaintiff filed a trial amendment, wherein he claimed that he paid out on the Ahrens & Ott note the sum of $1,350, and claiming that he had paid on the Jess Kleck note $105.04 more than was due by him if credited with the payments made by him by reason of the incumbrances pleaded by him.

"The defendants answered by general demurrer, special exceptions, a general denial, and a special answer and cross-action. In the special answer they alleged that plaintiff, at and prior to the execution of the deed, well knew of the existence of the lien in favor of the Ahrens & Ott Company, and of the fact that the taxes and paving assessments had not been paid; that it was the express understanding and agreement between the plaintiff and defendants to the effect that the plaintiff, in purchasing said property from the defendants, promised and agreed to pay off and fully satisfy and discharge all liens, taxes, and any claims existing against said property; that the defendants consented to the sale of the same to plaintiff solely upon aforesaid conditions. And to carry out the agreement the items, 'two thousand dollars ($2,000.00) cash and other good and valuable consideration,' were inserted in said deed to cover the aforesaid matters. And the defendants further say that at no time prior to the serving of the writ of citation upon them did the plaintiff make any claim or demand upon defendants for any money paid for the purposes set forth in plaintiff's pleadings, and the first notice of such payment and claims of reimbursement for the Ahrens & Ott debt and other items was given to the defend-

246 S.W.—46

ants, and was made through the service of citation upon them on the 19th day of July, A. D. 1921.

"Defendants further pleaded that on account of having relied upon the promise and agreement of plaintiff to pay off and discharge the indebtedness in plaintiff's pleadings described, and on account of plaintiff's failure to inform defendants of the payment until the service of citation, the defendants were deprived of an opportunity to hold Mrs. Nibel upon. warranty in her deed to them for said property conveyed to plaintiff; that for said reason plaintiff has been guilty of such laches as to preclude him from recovering from defendants upon the matters pleaded by him.

"Defendants also pleaded the statute of limitations of two years.

"The defendant Jesse Kleck then pleaded a cross-action upon the $2,500 note executed to him by plaintiff and described in plaintiff's pleadings, seeking to recover a balance of $1,800 principal, interest, and attorney's fees. Plaintiff's supplemental petition consisted of exceptions and a general denial.

"The trial was without a jury, and resulted in a judgment in favor of the plaintiff against both defendants for $75, also canceling the note held by Jesse Kleck, and refusing him any recovery on his cross-action."

The material question presented in this case for our determination is whether the court erred in not permitting appellants to prove an alleged oral agreement on the part of appellee to pay other amounts than those expressed in the recital of the general warranty deed as a part of the consideration of the conveyance, the trial court holding it would not be permissible to show by parol testimony that the grantee agreed to pay as part of the consideration for the conveyance other debts secured by liens against the premises, notwithstanding the deed itself recited that there were *other good and valuable considerations, paid to the grantors,* which were not recited in the deed.

There is a fundamental principle of law in reference to written instruments, not to be departed from, that the doctrine of "expressio unius, exclusio alterius," has generally, if not almost universally, been applied; that is the expression in a contract of one or more things of a class implies the exclusion of all not expressed, although all would have been implied had none been expressed.

The cash consideration and special obligations assumed are recited in the deed, and no question is raised as to them, and the consideration of those matters are here laid out of sight for the purpose of passing upon the alleged error of the court in not considering those proffered items sought to be impressed upon the conveyance as a part of its consideration, though excluded from its recitals with those expressed obligations.

Of course we are not discussing questions of the reformation of written obligations where only through fraud, mutual mistake, etc., they were omitted from the instrument.

Robinson v. Clymer (Tex. Civ. App.) 170 S. W. 108. Whether or not the recital in the deed "other valuable considerations" would authorize the admission of such proof, counsel for appellants in open court, in response to suggestions as to whether it would have any effect, expressly declare it would have no effect on the question whatever in permitting such proof, because appellant had the right to produce the proof nevertheless, under well-settled authority.

It was also contended that under the authority to prove considerations in written instruments, such proof as here contended for would be let in under that doctrine. Surely the law that allows the consideration of contracts to be shown will not permit the establishment of a parol contract not expressed in the instrument, and thus impress additional and onerous burdens or obligations thereon. Robinson v. Clymer (Tex. Civ. App.) 170 S. W. 108.

The use of the words in the deed "have granted sold and conveyed and by these presents do grant, sell and convey unto the said Peter Kleck," by virtue of our statute, independent of the general warranty clause, warrants against all incumbrances. Robinson v. Street (Tex. Civ. App.) 220 S. W. 648.

As supporting appellant's contention, the following authorities are cited: Johnson v Elmen, 94 Tex. 169, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845; Robinson v Clymer (Tex. Civ. App.) 170 S. W. 107; Detering v. Boyles (Tex. Civ App.) 155 S. W 984; Morriss v. Hesse (Tex. Civ. App.) 210 S. W. 710; Leeson v. City of Houston (Tex. Civ. App.) 225 S. W. 763; Mitchell v. Kennady (Tex. Civ. App.) 238 S. W. 293.

In the case of Robinson v. Clymer, supra, the issue was as to what was the real consideration of the deed, and the terms upon which the land was actually purchased, the terms and consideration being disputed, the court permitted evidence to be introduced to establish the real consideration. The court said in Detering v. Boyles supra:

"Disentangled from immaterial matters, the transaction proposed to be shown by the excluded testimony was this: Appellant agreed to buy from appellee the tract of land referred to for an agreed consideration of $2,500, and the deed was so drawn. When the parties met to consummate the trade by payment of the consideration and delivery of deeds, appellant declined to carry out the sale at that price, but demanded a reduction in the price of $222.-20. This was finally agreed to by appellee, and upon this agreement the trade was finally consummated; appellant paying $2,277.80 as the full price for the land and receiving the deeds. The other facts that appellant only considered the Tharp tract of any value, and that he was really paying $2,500 for this tract as 4½ acres at $555 per acre, and that it was short to the extent of four-tenths of an acre of the proportionate value of $222.20, were mere matters of detail only going to show why the abate-

ment in the purchase price was made, which was the only essential fact. The promise to pay, which is the basis of the suit, rested in parol, and it was competent for appellant to show by parol that he had paid in full for the land and owed nothing. The reason he gave for demanding an abatement of the price was utterly immaterial, except as explanatory. The essential thing was that the price had been abated by agreement of the parties, and upon this agreement the money paid, the deeds delivered, and the matter then and there closed up. The only material thing affected was the consideration to be paid for the land. The trial court erred in excluding the testimony referred to. Johnson v. Elmen, 94 Tex. 174, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845; Thomas v. Hammond, 47 Tex. 52; G., C. & S. F. Ry. Co. v. Jones, 82 Tex. 160, 17 S. W 534; Finn v. Krut, 13 Tex. Civ. App. 36, 34 S. W. 1016; Martin v. Rotan Grocery Co., 66 S. W. 213.

"If, in fact, as claimed by appellee, appellant still owes him a balance for the land, the same was secured by the equitable vendor's lien on the land, and the trial court did not err in so holding. Briscoe v. Bronaugh, 1 Tex. 326, 46 Am. Dec. 108; Irvin v. Garner, 50 Tex. 53; Marshall v. Marshall, 42 S. W. 353. This is not affected by the fact that it was understood that the purchase money should be paid in cash. According to appellee's testimony, the payment of the entire amount was waived, and he accepted appellant's verbal promise to pay the balance claimed to be due."

In the case of Morriss v. Hesse, supra, opinion written by Justice Moursund, one of the counsel for appellants here, said:

"The proposition relied on is that parol evidence was admissible to show that the grantee in the deed had assumed the burden imposed by the tenant's occupancy and took the land subject thereto. The case of Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845, is the only one cited by appellant, and that case is the first one cited by appellees in support of their counter proposition. In that case it was held that in a suit on the covenant against incumbrances it could be shown by parol that the grantee assumed and agreed to pay off a certain debt secured by lien against the land. The holding is in line with many cases decided by courts of other states, some of which are collated in the note on page 229 of L. R. A. 1916E. It will be seen, by reading the editor's note beginning on page 221, that there are many cases holding the contrary. In the case of Johnson v. Elmen the court recognizes the rule that parol evidence cannot be admitted to show merely that the parties orally agreed that a certain incumbrance should be excepted from the operation of a deed, but at the same time held that the effect of a verbal promise to assume and pay off the incumbrance was not to except the vendor's lien notes from the covenant, but to show that as between the parties to the contract the incumbrance had been discharged. It was deemed that the equitable principle should apply, * * * 'that is considered as done which ought to be done, and that as between the parties the lien should be held to be discharged. * * * That a parol

agreement to the effect that the grantee bought only a certain estate in the land, or bought subject to certain defects of the title, cannot be shown in defense of a suit on the covenants of a general warranty deed is sustained by our decisions. Wells v. Groesbeck, 22 Tex. 429; Bigham v. Bigham, 57 Tex. 238; Warren v. Clark, 24 S. W. 1105; Ord v. Waller, 107 S. W. 1166; Johnson v. Johnson, 147 S. W. 1167. The same rule should, we believe, apply when it is sought to show by parol that the grantee bought subject to the right of possession of a tenant of the grantor. An unexpired lease not only constitutes an incumbrance, in that it entitles the tenant to a right or interest to the diminution of the value of the land conveyed, but in addition it prevents the grantee from obtaining the possession to which he is entitled under the terms of his deed, and therefore it seems, in view of the general warranty, that there is also a breach of the covenant for quiet enjoyment. Williams v. Turner, 50 Tex. 137; Jones v. Paul, 59 Tex. 41.

"The case of Burroughs v. Pate, 166 Ala. 223, 51 South. 978, is very similar in its facts to this case. The Supreme Court of Alabama held that if the parol testimony reduces the estate conveyed, or limits or restricts the unqualified use and enjoyment of the land conveyed, it is inadmissible. See, also, O'Connor v. Enos, 56 Wash. 448, 105 Pac. 1039; Simons v. Diamond Match Co., 159 Mich. 241, 123 N. W. 1132; Anthony v. Rockefeller, 102 Mo. App. 326, 76 S. W. 491."

In this case, the Supreme Court granted a writ of error. See 231 S. W. 318. In discussing that case the court said:

"We are of the opinion that the Court of Civil Appeals properly determined the question raised by the first assignment of error. Justice Moursund clearly differentiates the case of Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845, cited by plaintiff in error, from a number of other cases in which it is held that parol evidence is inadmissible to enlarge or restrict the warranty in a deed; and we can add nothing to what he has said in his able opinion. Morriss v. Hesse, 210 S. W. 710."

It was said in Leeson v. City of Houston, supra:

"The general rule, that the terms of a written instrument constituting a contract between parties cannot be varied by parol evidence, contended for by appellant, is well settled. It is equally as well settled, that parol evidence is admissible to show the real and true consideration passing for the conveyance of land, and we think it is settled by the weight of authority that parol evidence is admissible to show that the grantee in a deed, containing a covenant against incumbrance, agreed to assume the payment of certain charges against the property conveyed. Devlin on Deeds, § 1073; Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845; Robinson v. Clymer, 170 S. W. 107, at page 108; Detering v. Boyles, 155 S. W. 984.

"The decision in the case of Walter v. Dearing, 65 S. W. 380, by the Dallas Court of Civil Appeals, rendered in November, 1901, supports the contention of appellant here made; but it is in direct conflict with the holding of our Supreme Court in the case of Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845, decided one year before, and it also conflicts with the holding in the cases of Detering v. Boyles and Robinson v. Clymer, both of which follow the holding in the case of Johnson v. Elmen. We are forced to conclude that the Dallas court in deciding the case of Walter v. Dearing, supra, overlooked the decision of our Supreme Court in the case of Johnson v. Elmen, and our conclusions are strengthened by the fact that the same court in deciding the same question in the case of Robinson v. Clymer, 170 S. W. 107, decided in 1914, followed the holding in the case of Johnson v. Elmen, which, as we have already stated, is in direct conflict with the holding in Walter v. Dearing.

"The case of Johnson v. Elmen was one with facts presenting substantially the same questions here being discussed, and we think is decisive of such questions in this state."

The Supreme Court granted a writ of error in this case, and the judgment was affirmed, 243 S. W. 485, and cited with approval the holding of this court, opinion by Justice Moursund, in Morriss v. Hesse, 210 S. W. 710, supra.

In the case of Mitchell v. Kennady, supra, it was said:

"We should perhaps notice with a little more particularity an objection made in behalf of appellant to the statement in a deposition of one of the Ritcheys, to the effect that Mitchell said at the time of the contract was negotiated between the Ritcheys and Mitchell that 'he [Mitchell] would take care of Kennady.' It was earnestly insisted that this should have been excluded, for the reason that it was not included in the written contract between the Ritcheys and Mitchell, the contention being that it violates the rule that parol testimony may not be received to contradict, vary, or supplement a written contract. The precise question was answered by our Supreme Court in the case of Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845. In that case it was held that a grantor by deed of general warranty (implying a covenant against incumbrances), when sued thereon by the warrantee, who had been dispossessed by a purchaser at a sale under foreclosure of an incumbrance covered by such warranty, can show in defense a parol agreement, as part of the consideration, that the vendee should himself assume and pay off the incumbrance under which the ouster proceeding were had."

In Walter v. Dearing (Tex. Civ. App.) 65 S. W. 380:

"Over the objection of appellant Walter, the court permitted the introduction of parol testimony to the effect that, in addition to the consideration specified in the deed, appellant had assumed to pay the indebtedness due Dearing. The contention of appellant is that the deed fully expresses the contract between Walter and the Ice Company, and that parol evidence will not be heard to contradict or vary its terms. Where a cash consideration is re-

cited in a contract, parol proof of another and additional consideration is legitimate. Taylor v. Merrill, 64 Tex. 496; Womack v. Wamble, 7 Tex. Civ. App. 273, 27 S. W. 154. Where the contract states what was the undertaking or obligation of the party sought to be charged, the terms of the contract as written must control, and cannot be changed or added to by parol evidence. Railroad Co. v. Garrett, 52 Tex. 133; Railroad Co. v. McKinney, 55 Tex. 176; Railroad Co. v. Pfeuffer, 56 Tex. 71; Weaver v. City of Gainesville (Tex. Civ. App.) 21 S. W. 317; Womack v. Wamble, 7 Tex. Civ. App. 273, 27 S. W. 154. The recital in the deed that Walter assumed the debt due the Frick Company by the Ice Company excludes the idea that he assumed any other indebtedness, and we are of the opinion that the recitals in the deed are such as to make it apparent upon its face that it contained the whole contract between Walter and the Ice Company, and therefore the court erred in admitting the parol evidence as complained of."

Appellee's contention is stated in his own words. As it is short we copy:

"The case of Walter v. Dearing (Tex. Civ. App.) 65 S. W. 380, is a case directly in point in support of appellee's contention, and the criticism of same in the case of Leeson v. City of Houston (Tex. Civ. App.) 225 S. W. 763, is not justified, for the reason that the facts upon which the opinion in the Leeson Case were based are not similar to the facts upon which the judgment in the case of Walter v. Dearing was based. In the case of Walter v. Dearing, as in this case, certain specific incumbrances were recited, and payment thereof directly assumed, and the court held that the enumeration in the face of the deed of the assumption to pay that particular indebtedness was an exclusion of the idea that any other indebtedness or incumbrance upon the property was assumed.

"The case of Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845, which in the opinion of Leeson v. City of Houston, 225 S. W. 763, is made the basis of the criticism of Walter v. Dearing, is not authority for that criticism, for the reason that the deed in question in the case of Johnson v. Elmen contains no recital of the assumption of the payment of outstanding liens, but simply left it in the attitude of any other deed reciting the specific consideration, and which would warrant oral proof as to the true consideration.

"The case of Leeson v. City of Houston, 225 S. W. 763, does not support the contention of appellants, for the reason that the deed to Leeson contains no recitals in regard to the assumption of liens.

"I fail to see how either the case of Robinson v. Clymer (Tex. Civ. App.) 170 S. W. 107, or the case of Mitchell v. Kennady (Tex. Civ. App.) 238 S. W. 293, can possibly be regarded as supporting appellants' sole complaint, and go back to the original proposition that the only case in point, cited as an authority by appellants, is the case of Walter v. Dearing (Tex. Civ. App.) 65 S. W. 380, and that opinion is direct authority for the holding of the trial court in the exclusion of the parol

evidence to vary the terms of the written contract, the deed quoted in the opening portion of this brief."

As the precise question almost was before this court in Morriss v. Hesse, 210 S. W. 210, and on appeal approved 231 S. W. 318, and again approved by the Commission of Appeals in Leeson v. City of Houston, 243 S. W. 486, we would not feel justified, were we so inclined, not to follow the ruling pronounced by this court in Morriss v. Hesse and the other cited cases.

While the Commission of Appeals did not directly refer to the criticism made by the Galveston Court of Civil Appeals in the Leeson Case, it impliedly follows that; by its silence it must have been affirmed because the opinion affirmed the very point under discussion. In Walter v. Dearing the deed did not recite, as here, "other good and valuable considerations." Such clauses are put in deeds for some purpose. Certainly not put there to allow proof to explain a consideration, for that is always admissible, but rather to show that there were other considerations that entered in the transaction than those mentioned. Such language presupposes there were, and here in the recital is a better reason afforded for making the proof than in any of the authorities relied on by appellant. Clearly under the authorities, the appellants were entitled to make the proof, and the court erred in excluding it. Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845. We do not feel that the case is sufficiently developed to justify us in rendering the judgment. Consequently, on account of the ruling of the court in excluding the evidence discussed, the judgment is reversed, and cause remanded for another trial.